## MORGAN *v.* MORGAN.

To be able to contract marriage a person must be, if a male, at least seventeen years of age. And where a marriage ceremony was performed between a person under that age and a woman, and he subsequently, before arriving at the age of seventeen, filed his libel for divorce, and in his pleadings showed his age at the time of the marriage and at the time of bringing the suit, which allegations were supported by uncontroverted evidence, and the defendant filed her answer and cross-petition praying for permanent and temporary alimony, alleging acts of cruelty on the part of the plaintiff, the court properly refused to grant alimony. For, irrespective of the truth of the contentions as to acts of cruel treatment, there was no valid marriage between the parties, and alimony could not be allowed.

No. 869. DECEMBER 12, 1918.

Application for temporary alimony. Before Judge Cobb. Gwinnett superior court. February 9, 1918.

Guerry Morgan filed his libel for divorce against Hattie Morgan, alleging that "on the 14th day of July, 1917, plaintiff and defendant intermarried and have ever since been and are now husband and wife." He set forth certain acts of cruel treatment, alleged that the parties have no child, and prayed for a total divorce. The libellee denied the alleged acts of cruel treatment, set forth excuses for the acts averred as amounting to cruel treatment, charged cruel treatment upon the part of the libellant, and prayed, by way of cross-petition, for temporary and permanent alimony. The libel-

40

lant filed his response to so much of the answer as was in the nature of a cross-petition; and alleged, after denying the acts of cruel treatment upon his part, that when he married the libellee his age was fifteen years, one month and a few days. Upon the hearing the court refused to allow the libellee alimony, and to this judgment she excepted.

*E. O. Dobbs,* for plaintiff in error. *S. M. Ledford,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court properly refused to allow alimony in this case. The defendant in the cross-petition was under seventeen years of age at the time of the marriage, and is still under that age. He could not, therefore, contract marriage, and has not yet reached an age where he can by his acts or declarations ratify and make perfect the inchoate marriage. Civil Code, § 2931; *Americus Gas &c. Co.* v. *Coleman,* 16 *Ga. App.* 17 (84 S. E. 493) ; *Crapps* v. *Smith,* 9 *Ga. App.* 400 (71 S. E. 501) ; *Smith* v. *Smith,* 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362). It is urged by counsel for the plaintiff in error that the libellant avers in his petition that he and the defendant intermarried, and that this is a solemn admission in judicio and can not be contradicted. We are of the opinion, however, that this allegation should be construed in the light of the other pleadings filed by the plaintiff, which, while referred to as a response to the defendant's cross-petition, can also be regarded as an amendment to the petition. And construing the allegation that the plaintiff is under the age of seventeen years (an allegation supported at the hearing by uncontroverted evidence) with the original allegation that the plaintiff and the defendant intermarried, the latter allegation means merely that they went through the ceremony of marriage and became man and wife so far as such a ceremony would make them man and wife. If a pleader in a case like this alleges that he is sixteen years of age and that at the age of fifteen he and a woman were intermarried, the allegations, considered together, can only have the meaning which we have indicated above; that is, that there was a ceremony of marriage. If the plaintiff and the defendant had continued to live together until the plaintiff was seventeen years of age, and had then expressly ratified the marriage, there would have been a valid contract of marriage; or if they had continued to cohabit and live together as man and wife, there would have been an im-

plied ratification of the marriage, giving validity to the marriage contract. It is not necessary here to decide whether the libellant can maintain his suit for divorce on the ground of non-age; but we do hold that the allegations of marriage, when considered in connection with other pleadings, showing that the libellant could not contract marriage, did not prevent him from insisting upon the fact that there was no marriage between himself and the libellee. We have not deemed it necessary to consider certain other facts appearing in the record, upon which the judge below largely based his judgment refusing alimony, to wit, that at the time of the marriage the defendant herself was at her home "under a ninety days furlough from the authorities of the State Sanitarium, and the husband did not know of the commission of lunacy at the time of the marriage," which commission is still existing. Nor have we thought it necessary to consider the evidence tending to show that at the time of the marriage, though there was an existing commission of lunacy, the wife was as a matter of fact sane, and the effect that her sanity or insanity would have upon the validity of the alleged marriage; for, independently of this evidence, the invalidity of the marriage, the separation of the parties, and the insistence of the husband that the marriage ties, such as they were, be dissolved, required the judgment denying alimony.

*Judgment affirmed. All the Justices concur.*