## COLLINS *v.* COLLINS.

HINES, J. 1. Where a woman having a living husband marries another man, the second marriage is void. Civil Code (1910), §§ 2930, 2931, 2935; *Curlew* v. *Jones*, 146 *Ga.* 367 (91 S. E. 115); *Perkins* v. *Levy*, 158 *Ga.* 896 (124 S. E. 799).

2. The second marriage being void, the woman can not recover alimony from the man she so marries. *Morgan* v. *Morgan*, 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925).

3. A married woman who marries another man, knowing that her husband is still living, and when the marriage has not been dissolved by divorce, perpetrates a fraud upon the man whom she so marries and who is ignorant of her existing marriage, without disclosing to him her existing marriage. Civil Code (1910), §§ 4622, 4624, 4627.

4. When fairly made, courts always favor the compromise of doubtful rights, and they are binding notwithstanding it may eventually turn out that the point of law was in favor of the party complaining. Even a fraud may be compromised, provided the party had knowledge of its existence, and entered into the agreement to have his rights springing from or growing out of it settled. But a compromise effected by fraud, imposition, breach of confidence, or mistake is invalid and will be set aside. *Bass* v. *Bass*, 73 *Ga.* 134 (*c*); *Preston* v. *Ham*, 156 *Ga.* 223, 234 (119 S. E. 658); *Dickerson* v. *Dickerson*, 19 *Ga. App.* 269 (91 S. E. 346).

5. Where a married woman married another man in the circumstances nar-

---

Compromise and Settlement, 12 C. J. p. 330, n. 44; p. 337, n. 3; p. 348, n. 9; p. 349, n. 13; p. 350, n. 27.

Husband and Wife, 30 C. J. p. 1059, n. 7; p. 1071, n. 93.

Marriage, 38 C. J. p. 1294, n. 16; p. 1354, n. 14.

rated above, and, after separating from him, brought suit for alimony against him as her husband, and he, having married her in ignorance of her existing marriage which she concealed from him, and believing that she was his lawful wife, entered into an agreement by which he settled her claim for alimony, and in pursuance of such agreement conveyed to her a life-estate in a house and lot, such compromise agreement and conveyance were effected by a fraud perpetrated on him by the woman, and, under the facts alleged in the petition (which are admitted by the demurrer to be true), are invalid and will be set aside.

6. Applying the above principles, the trial judge did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 6004.    November 18, 1927.

Annulment of marriage. Before Judge Persons. Lamar superior court. March 7, 1927.

Will Collins filed his petition against Vienna Collins, in which he made the following allegations: Plaintiff and defendant were married in April, 1901. He married her in good faith, thinking that she was able to contract marriage and under no legal disabilities. On or about November 16, 1925, he was informed that at the time of their marriage she had a living husband, Sidney Smith, from whom she had never been divorced. She married him under the laws of Georgia and in due form, about 1897. Sidney Smith was living at the time of her pretended marriage to petitioner, and is now living. In September, 1925, she sued petitioner for alimony. The suit was settled on September 25, 1925, by a contract in writing, in which it is recited that in consideration of her withdrawing and agreeing not to prosecute her action for alimony, plaintiff executes to her a deed to a life-estate in a described house and lot, and agrees to pay her $10 per month for ten months, and thereafter $12 per month during her natural life, or until she shall marry. Plaintiff agreed to pay her attorney $40 for his fees, and to pay two thirds of the court costs. The alimony suit and a writ of ne exeat were to be withdrawn upon the payment of costs and fees, and neither party was to be bound to live with the other. In compliance with the terms of said agreement plaintiff executed a deed conveying to the defendant a life-estate in said house and lot. Because of the confidential relations existing between them, defendant was in duty bound to inform plaintiff of her first marriage, and to tell him that her first husband was still living, and that she had never been divorced

from him, as she well knew. She failed to make said disclosure before settlement of the alimony suit. Her silence constituted a fraud upon the plaintiff, as did said agreement, as he did not then know that defendant had a living husband and was under disability. He prayed that the agreement be annulled, and that his deed to the defendant be declared null and void as a cloud upon his title.

The defendant demurred upon the grounds, (a) that the petition does not set out a valid cause of action, (b) that it does not allege that Sidney Smith is now living, and (c) that it does not allege when and where the defendant was formerly married before marrying plaintiff. The court overruled the demurrer, and the defendant excepted.

*Claude Christopher,* for plaintiff in error.

*H. J. Kennedy,* contra.