## JOHNSON, guardian, *v.* JOHNSON.

No. 7886. FEBRUARY 18, 1931.

*T. J. Townsend* and *A. B. Spence,* for plaintiff.
*Mingledorff & Gibson* and *J. N. McDonald,* for defendant.

BECK, P. J. S. A. Johnson, as guardian of George W. Johnson, brought his equitable petition against Mrs. Aliff Johnson, alleging that the marriage between those two parties was null and void, because at the time the ceremony of marriage was performed George W. Johnson was unable to contract marriage, being a person of unsound mind and an imbecile, and not having mental capacity to contract marriage; that he has not at any time since the marriage ceremony been mentally capable of ratifying the same; that he has continued to be insane; that after he was confined in a government hospital, Mrs. Aliff Johnson gave birth to a child, but

petitioner denies that his ward was the father of the child, alleging that there had been no conjugal relations between his ward and defendant in twenty months. The prayers of the petition were for the annulment of the marriage, and for general relief.

A motion was made by the defendant, in the nature of a general demurrer, to dismiss the petition on the ground that it showed no cause of action against the defendant, and that the plaintiff was not entitled to the relief sought. The court sustained the demurrer and dismissed the petition, and the petitioner excepted.

The question is squarely presented by this record as to whether or not a court of equity will entertain a petition to declare a marriage between parties void where the petitioner was insane at the time the marriage ceremony was performed. This precise question has not been ruled on since the case of *Brown* v. *Westbrook, 27 Ga.* 102, was decided. The question has been raised in several records that have been before this court, but the adjudication of this question seems not to have been necessary to the disposal of those cases. Plain intimations were made in certain cases that the marriage might be set aside in a court of equity, just as other contracts might be declared null and void in a court of equity where proper grounds are shown; and it is insisted in this case that the contract of marriage was made when the petitioner was insane, and that such a contract is void. The plaintiff insists that under the provisions of § 2935 of the. Code a contract of marriage entered into by an insane person is void. And that is true. Section 2935 in part reads as follows: "Marriages of persons unable to contract, or unwilling to contract, or fraudulently induced to contract, are void." But in *Brown* v. *Westbrook, supra,* it was held: "A proceeding to declare marriage a nullity on account of the mental incapacity of one of the parties to consent to the contract, at the time it was entered into, is unknown to our judiciary system, and is repugnant to the feelings and policy of our people." But in cases since the decision in that case was rendered, while the direct question was not decided, there are to be found dicta which indicate that the court was of a different opinion from that of the judge who wrote the majority opinion in the case of *Brown* v. *Westbrook.* See *Bell* v. *Bennett, 73 Ga.* 784; *Griffin* v. *Griffin, 130 Ga.* 527, 531 (61 S. E. 16, 16 L. R. A. (N. S.) 937, 14 Ann. Cas. 866); *Gay* v. *Pantell, 164 Ga.* 738 (139 S. E. 543).

Now in a contract where property rights only are involved, and one of the parties to such a contract was an imbecile, or was insane or mentally incompetent to contract, such a contract may be set aside in a suit in equity by the insane party or by his guardian in his behalf. But a contract of marriage, consummated by an actual ceremony of marriage and solemnized in any of the ways recognized by the law, is more than a mere contract. It creates a status—a status of vast importance to society and to the individuals concerned; and such a contract will not be destroyed by a court of equity in such a way as to carry down with it the status thus created. In *Griffin* v. *Griffin,* supra, it was said: "We have discussed the merits of the case on the assumption that a marriage may be annuled in equity. But the marital relation involves something more than a civil contract between the parties; it represents a most important status of our social fabric, in which the public is interested. It therefore may be doubted whether an equitable suit for the annulment of a marriage is maintainable for causes which are recognized by the statute as grounds for divorce. *Brown* v. *Westbrook,* 27 *Ga.* 102. Fraud or duress in obtaining the marriage are grounds for divorce. Civil Code, § 2426. Can a marriage be set aside on these grounds, except in a statutory divorce proceeding? Quære. Compare Civil Code, § 2416."

In *Brown* v. *Westbrook,* supra, it was said by Judge Lumpkin, who wrote the opinion in that case: "Nowhere else is mental incapacity, except in Georgia, so far as I know, made a ground for divorce. Elsewhere proceedings are instituted in chancery, or some other court, to annul the pretended marriage. A sentence of nullity is rendered. Now, I maintain broadly, that in this State no decree can be rendered, separating man and wife, where there has been a marriage de facto, except under our divorce laws. That they have virtually repealed the whole body of the English Ecclesiastical and Common Law upon this subject. Was any such proceeding ever known or heard of in Georgia, to obtain a sentence of nullity. . . The whole tenor of our legislation favors the view which I have taken of this subject; and it is right that it should. No innocent woman should be separated from the man whom she supposed to be her husband, without being provided for; and the idea of bastardizing the children of such a marriage is monstrous." The reasoning in that case seems to me to be as

sound as it is vigorous. It is true this decision, so far as it relates to the question under consideration, was rendered by a divided court, and we might lay down a different doctrine without formally overruling the case; but before doing that we should be convinced that it was wrong, and we are not so convinced.

Insanity at the time of the marriage is a ground for divorce; and there are several reasons for holding that the guardian of a party who was insane at the time of the marriage ceremony, in order to dissolve the marriage, should be confined to our divorce laws; because to annul the marriage renders the marriage contract and the status absolutely void from the beginning, and would bastardize the issue of said marriage, except for the provision of the statute contained in section 2935 of the Civil Code. If a party to the marriage ceremony was actually insane or was an imbecile, under the provisions of the divorce law he can have the contract of marriage declared void and the status destroyed with a decree in the divorce case; but the children are not bastardized; and the jury may make such provisions in the way of alimony for the wife and the children as it sees proper under all the facts and circumstances of the case. If it be shown in the case that the wife knew that the man to whom she was joined in marriage was a man of weak mind or non compos, the jury may refuse to give her alimony, or make the alimony very small in amount. It may be, in some cases where the husband was mentally incapable of contracting marriage, that the woman was also feeble-minded, and the husband might be possessed of considerable means. Under such a case as that, should we hold, unless the law is plain, that a guardian for the husband, in a suit like this, could have the marriage declared void, and deprive the jury entirely of the right to make some provision for the feeble-minded wife? It may be that such considerations as this were in the minds of the legislators when they made insanity at the time of the marriage a ground for divorce, intending that if the husband, or his guardian, wished upon that ground to have the marriage declared void, they should be compelled to resort to divorce proceedings, in order that, in view of the status created by the marriage, a jury could make provision for the wife.     *Judgment affirmed.   All the Justices concur.*