## BARNETT v. BARNETT.

*Virlyn B. Moore Jr.,* for plaintiff in error.

*Howard, Tiller & Howard* and *J. V. Malcolm Jr.,* contra.

BELL, Justice. 1. Where a woman having a living husband enters into a ceremonial marriage with another man, such purported second marriage is void, and the woman can not recover alimony from the man whom she claims as her husband in virtue thereof. *Collins* v. *Collins,* 165 *Ga.* 198 (140 S. E. 501).

2. Where a decree of divorce is obtained in another State on service by publication, and there is no appearance or response by the defendant, such decree is not binding on the courts of this State under the full-faith-and-credit clause of the United States constitution. If such decree is based on false representation as to residence of the plaintiff in such State for the period of time required by the statutes thereof as a condition to the maintenance of the action, the decree or judgment is subject to collateral attack in the courts of this State, on the ground of fraud in its procurement. *Joyner* v. *Joyner,* 131 *Ga.* 217 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220) ; *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855) ; *Adams* v. *Adams,* 191 *Ga.* 537 (13 S. E. 2d, 173).

3. On the hearing of the instant application for temporary alimony and attorney's fees, it appeared conclusively and as a matter of law from the evidence that before the ceremonial marriage between the plaintiff and the defendant, the plaintiff had been lawfully married to another man, from whom she had obtained a purported decree of divorce in the State of Tennessee, but that under the law of that State the applicant for a divorce must have been a resident of the State for two years next preceding the filing of the suit; that this provision of the law of Tennessee was not complied with by the plaintiff; that such action for divorce was based on service by publication; and that there was no appearance or response by the defendant in such proceeding. *Held,* that in the circumstances the Tennessee decree of divorce appeared to be void, and that, because the plaintiff thus had a living husband at the

502

time of her alleged marriage to the defendant, no valid marital relation arose between them, and alimony was not recoverable. See *Durden* v. *Durden,* 184 *Ga.* 421 (191 S. E. 455) ; *Drake* v. *Drake,* 187 *Ga.* 423, 429-432 (1 S. E. 2d, 573) ; *Dyal* v. *Dyal,* 187 *Ga.* 600 (1 S. E. 2d, 660) ; *Jones* v. *Jones,* 181 *Ga.* 747 (184 S. E. 271).

4. If *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875), should be construed as holding that, although it might appear on such interlocutory hearing that the marriage relation did not exist between the parties, the judge should nevertheless grant to the applicant temporary alimony and attorney's fees in order to afford her "the means of contesting all of the issues" made in the case, or even that he would be authorized to do so, the decision is in conflict with earlier unanimous decisions which must be followed in preference thereto as authority. Code, § 6-1611; *Calhoun* v. *Cawley,* 104 *Ga.* 335 (30 S. E. 773) ; *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992) ; *Morgan* v. *Morgan,* 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925) ; *Pennaman* v. *Pennaman,* 153 *Ga.* 647 (112 S. E. 829). See *Grant* v. *Grant,* 184 *Ga.* 339 (191 S. E. 98).

5. Under the preceding rulings, as applied to the pleadings and the evidence, the judge erred in awarding to the plaintiff any sum as temporary alimony and attorney's fees.

*Judgment reversed. All the Justices concur.*