### ESKEW *v.* ESKEW.

BELL, Chief Justice. 1. Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. Code, § 30-201. "The object of alimony is the support of the children as well as the wife." *Rochester* v. *Rochester,* 124 *Ga.* 993 (53 S. E. 399).

2. The right to recover alimony depends upon a valid, subsisting marriage between the applicant and the man out of whose estate the allowance of alimony is claimed, and this is true even though it is claimed only for the support of a child. *Morgan* v. *Morgan,* 148 *Ga.* 625 (97 S. E. 675, 4 L. R. A. 925); *Pennaman* v. *Pennaman,* 153 *Ga.* 647 (112 S. E. 829); *Foster* v. *Foster,* 178 *Ga.* 791 (2) (174 S. E. 532); *Allen* v. *Baker,* 188 *Ga.* 696 (2) (4 S. E. 2d, 642); *Kirby* v. *Johnson,* 188 *Ga.* 701 (2) (4 S. E. 2d, 643); *Durden* v. *Durden,* 191 *Ga.* 404, 406 (12 S. E. 2d, 305).

3. To be able to contract marriage, a person, if a male, must be at least 17 years of age. Code, § 53-102. The marriage of a boy under that age, though not absolutely void, being voidable only and subject to ratification, must yet be treated as void, so far as alimony is concerned, unless and until it is so ratified by him after reaching such age. *Smith* v. *Smith,* 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362); *Powers* v. *Powers,* 138 *Ga.* 65 (74 S. E. 759); *Morgan* v. *Morgan,* 148 *Ga.* 625 (supra); *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (4) (84 S. E. 493).

4. It appearing in this case that, at the time of the purported marriage, and at the time of the order granting alimony on application of the woman for the support of their child, the plaintiff in error was less than 17 years of age, the grant of such judgment against him was contrary to law, since there was no valid marriage to support it. *Morgan* v. *Morgan, supra.*

5. Whether the plaintiff in error may in some way be held liable for support of the child, he can not be subject to such liability through a claim for alimony. Code, § 53-104; *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992); *Hooten* v. *Hooten,* 168 *Ga.* 86 (147 S. E. 373); *Pace* v. *Bergquist,* 173 *Ga.* 112 (2, 3) (159 S. E. 678); *Hansberger* v. *Hansberger,* 182 *Ga.* 495 (185 S. E. 810); *Rozetta* v. *Banks,* 183 *Ga.* 701 (189 S. E. 513).

(*a*) "The statutory provision that the father is liable for the support of his minor child, contained in the Civil Code (1910), § 3020 [Code of 1933, § 74-105], has no application to proceedings for alimony." *Barlow* v. *Barlow,* 161 *Ga.* 202 (2) (129 S. E. 860).

(*b*) The decision in *Smith* v. *State,* 42 *Ga. App.* 419 (156 S. E. 308), had no reference to alimony.

*Judgment reversed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*

No. 15205. JULY 3, 1945.

*Myer Goldberg,* for plaintiff.
*Walter D. Sanders,* for defendant.