GEARLLACH *v.* ODOM.

No. 15377. FEBRUARY 21, 1946.

*James V. Davis* and *Leonard Farkas,* for plaintiff.

DUCKWORTH, Justice. (After stating the foregoing facts.) The petition shows that the petitioner, an unmarried man, went through a marriage ceremony with the defendant, who at the time had a living husband, and that her previous marriage was undissolved. The civil statute (Code, § 53-102), plainly declares that the previous undissolved marriage of the defendant rendered her incapable of making a marriage contract with this petitioner. This court has uniformly held that such an attempted bigamous marriage is utterly void, and may be disregarded without ever being decreed void by a judgment of a court. *Irving* v. *Irving,* 152 *Ga.* 174 (108 S. E. 540, 18 A. L. R. 88) ; *Brown* v. *Parks,* 169 *Ga.* 712 (151 S. E. 340, 71 A. L. R. 271) ; *Pickren* v. *Pickren,* 190 *Ga.* 609 (10 S. E. 2d, 40) ; *Barnett* v. *Barnett,* 191 *Ga.* 501 (13 S. E. 2d, 19) ; *Christopher* v. *Christopher,* 198 *Ga.* 361, 377 (31 S. E. 2d, 818). The status of husband and wife under our law was beyond the possible reach of these parties. The alleged facts show that the status which this court asserted in *Johnson* v.

*Johnson,* 172 *Ga.* 273 (157 S. E. 689), resulted from a marriage contract, and where it was held that equity would not destroy such a contract in such a way as to carry down with it the status thus created, was never brought into existence by the attempted marriage here.

We recognize the well-settled rule that no marriage can be annulled in this State because of reasons which constitute grounds for divorce. This rule was recently stated and applied in *Mackey* v. *Mackey,* 198 *Ga.* 707 (32 S. E. 2d, 764). All of the grounds upon which a divorce may be granted in this State are specified in the Code, §§ 30-102, 30-103, 30-104. The previous undissolved marriage of one of the parties, which is the sole ground upon which the relief here is sought, is not a ground for divorce in this State. Therefore, we may put aside any reference to or consideration of the above rule in deciding the present case. We may also at this point accept as the indisputable law that the ceremony of marriage here was bigamous and completely void, and, hence, confers no right upon either of the parties or anyone else. We have here presented an appeal to a court of equity for a decree that will fully and adequately protect the petitioner from all injuries which he might suffer from the bigamous marriage ceremony unless the same is decreed null and void. The petitioner asserts that he did not know at the time of the ceremony that the defendant was a married woman; and, hence, he does not come into court with unclean hands barring him from equitable relief under the Code. The relief sought must not be denied unless there is an impelling legal reason to deny it. Equity can not deny such relief because of any possible injury which the relief would impose upon the defendant or anyone else. This is true because, as stated above, neither she nor anyone else has or can claim any rights in virtue of the void marriage ceremony. The only other legitimate inquiry, to determine whether or not equity will intervene, is the ascertainment if the complete protection of the petitioner requires that such void ceremony be decreed void. Obviously there are legal rights of this petitioner which are jeopardized by the existence of such marriage ceremony, in the absence of a decree of a court of competent jurisdiction declaring it void. It is the settled law of this State that, where there is more than one marriage, the law presumes the last marriage to be valid, and the burden is upon

the one attacking it to overcome this presumption by proving its invalidity. *Addison* v. *Addison,* 186 *Ga.* 155 (2) (197 S. E. 232); *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379). Should both of these parties die and the defendant's representative or heirs make claim to the petitioner's estate, they would under this legal presumption have all the rights a valid marriage would give the defendant. The burden would then be upon the petitioner's representative or heirs, as the case may be, to prove that the defendant's previous marriage had not been dissolved. In that situation she, being dead, could not disclose whether or not she had procured a divorce, and it would become necessary to examine all court records where such a divorce might lawfully have been granted. This would include examination of court records of 159 counties in this State, similar records of other States, and even foreign countries. These considerations require a candid admission that the relief here sought is important and essential to the full protection of vital and far-reaching rights and interests of the petitioner. Do they come within the scope of equity jurisdiction? It is declared in the Code, § 37-102, that "Equity jurisdiction is established and allowed for the protection and relief of parties, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done." Since, as above stated, a marriage status has never existed between the parties to this suit, and the defendant has never been the wife of the petitioner, and the complaint is not a ground for divorce, it follows that a suit for divorce would not be an available remedy to the petitioner. Since equity jurisdiction is for the relief of parties where the general rules of law would be deficient in protecting from anticipated wrong or affording relief for injuries done, we know of no sound reason in law or equity why equity should not take jurisdiction and grant relief from the injury complained of that will be both adequate and complete. While it may well be doubted that there can be successfully maintained such a proceeding in equity as an action to annul something that, as a matter of law, is null and void already, yet the designation of the instant petition as one for annulment is no reason why a decree as prayed, declaring the marriage void, should not be granted. Such a decree is essential to the full protection of this petitioner

from injury that is and well may be anticipated as a result of the void marriage ceremony. For the reasons stated, the petition alleged a cause of action, and the court erred in sustaining the general demurrer and dismissing the action.

*Judgment reversed. All the Justices concur.*