## JONES *v.* JONES.

WYATT, J. Jack Jones filed suit against Kathryn Caldwell Jones, alleging that he married the defendant before he was 17 years of age; that they separated before he reached the age of 17, and he has not, since reaching the age of 17, condoned the marriage. He prayed for an annulment of the purported marriage. The defendant answered, admitting the marriage before the plaintiff was 17 years of age, but denying that they separated before he reached the age of 17, and denying that the plaintiff had not condoned the marriage since reaching the age of 17. She prayed for temporary and permanent alimony and attorney's fees. The plaintiff demurred generally to the cross-action seeking to recover alimony and attorney's fees. The defendant, on the hearing for temporary alimony and attorney's fees, testified, among other things: "We separated in March, 1945. We had not lived together since then until I met him here in Calhoun. . . I am pregnant and not able to work

now. *Jack Jones is the father of the child. I met him in June, 1945,* and he promised me that he would treat me better, and went home with him. We cohabitated at that time. That is when I became pregnant. He did not do any different, and I left him the next morning and have not lived with him since." The evidence disclosed that the plaintiff husband became 17 years of age in April, 1945. The trial judge on the hearing overruled the general demurrer to the cross-action and allowed temporary alimony for the support and maintenance of the wife and attorney's fees. The exceptions are to these two judgments. *Held*:

1. To be able to contract marriage, a person, if a male, must be at least 17 years of age. Code, § 53-102.

2. The marriage of a boy under 17 years of age, although declared by the Code to be void, may nevertheless be ratified and confirmed by continuing, after arriving at the age of 17, to cohabit with his wife as such. See *Smith* v. *Smith*, 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362), and *Eskew* v. *Eskew*, 199 *Ga.* 513 (34 S. E. 2d, 697). The denial, in the pleadings, by the wife that the separation was before the husband reached the age of 17, and the further denial that the husband had not condoned the marriage since arriving at the age of 17, were sufficient to withstand the general demurrer. The testimony of the wife, quoted in the statement of facts, raised a question of fact as to whether or not there had been a ratification of the marriage on the part of the husband after he reached the age of 17, and the court did not err in awarding temporary alimony for the maintenance and support of the wife pending the trial of this issue before a jury.

*Judgment affirmed. All the Justices concur.*

No. 15416. April 2, 1946.

*Y. A. Henderson,* for plaintiff.