## 35138. Copeland *et al.*, Executors, *v.* Pope.

Felton, C. J. 1. "A judgment shall become dormant and shall not be enforced: 1. When seven years shall elapse after the rendition of the judgment before execution is issued thereon and entered on the general execution docket of the county wherein such judgment was rendered . . ." Code § 110-1001.

2. The above statute of limitations upon the enforcement of a judgment begins to run from the time when the judgment could be first enforced, which, in the case of a judgment which is appealed to this court and affirmed, is the time when the remittitur from this court is filed with the clerk of the trial court. Code § 6-1805. A judgment making the judgment of this court the judgment of the trial court, in such a case, is not necessary to give efficacy to the affirmed judgment or to give it the element of enforceability. It follows, therefore, that the date of the filing of the remittitur from this court, affirming the judgment of the trial court, was the date on which the above statute of limitations began to run, and not the date of an order taken nunc pro tunc about seven years after the filing of the remittitur.

3. Since no execution was issued on the judgment in this case within seven years from the time it could first have been enforced, to wit, May 8, 1940, the court did not err in sustaining the affidavit of illegality to the execution.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*
Decided June 24, 1954.

*W. H. Stanford, John M. Morrow,* for plaintiff in error.
*Lamar Knight,* contra.