23108. WALLACE v. WALLACE.

*Young, Dicus & Martin, J. Gordon Young,* for plaintiff in error.

*Roberts & Thornton, Jack M. Thornton,* contra.

PER CURIAM. Rebecca Ann Wallace filed a petition against her husband, Kenneth C. Wallace, seeking alimony for herself and for support of a child not yet born and for custody of said child. Defendant filed a plea in bar alleging that "the marriage of the parties on March 27, 1965, was and is void for the reason that the defendant had not reached the age of 18 years at the time the marriage ceremony was performed," and "the marriage license was not issued upon proof of the pregnancy of the plaintiff." The evidence at the trial was undisputed that the defendant husband was only 17 years of age at the time of the marriage and is at present still 17 years old; that plaintiff was 18 years of age at the time of the marriage and that she did not become pregnant until after the marriage. The trial judge overruled defendant's plea in bar and awarded plaintiff temporary alimony and custody of the child. Defendant excepts to these rulings.

1. The single question presented is whether alimony may be awarded where a party to an alleged marriage is under the age of capacity to marry and repudiates the union before reaching such age, but where there is a child to be born as a result of the marriage.

Defendant contends that the court erred in awarding alimony because there was never a valid marriage to support such award.

Plaintiff contends that the Act providing for annulment of marriages has changed the law to permit alimony in cases where a child results from an otherwise void or voidable marriage.

In 1952 the legislature enacted a new statute (Ga. L. 1952, p. 149) providing for the annulment of marriages in Georgia which is embodied in *Code Ann. Ch.* 53-6. *Code Ann.* § 53-601 provides: "Annulment of marriages now or hereafter declared void by law may be granted by the superior court judges of this

state, except that annulments may not be granted in instances where children are born or to be born as a result of the marriage." *Code* § 53-104 defining void marriages states as follows: "Marriages of persons unable to contract or unwilling to contract, or fraudulently induced to contract, shall be void. The issue of such marriages, before they are annuled and declared void by a competent court, shall be legitimate. In the latter two cases, however, a subsequent consent and ratification of the marriage, freely and voluntarily made, accompanied by cohabitation as husband and wife, shall render valid the marriage." *Code Ann.* § 53-602 provides as follows: "Parties who enter into such marriages shall have the right to file a petition for annulment or a petition for divorce, if grounds for divorce exist." Plaintiff contends that the effect of these provisions of the Code is that a party to a marriage voidable because of nonage, and where a child is to be born as a result of the marriage, may recover alimony because the only way the marriage can be dissolved is by divorce which, by implication, carries the right to recover alimony.

In *Eskew v. Eskew,* 199 Ga. 513 (34 SE2d 697) decided prior to the annulment Act the husband sought a decree in equity to declare his marriage null and void and grant him a total divorce. He was under 17 years of age at the time of the marriage ceremony and when he filed his petition. A child had been born as a result of the marriage and the defendant mother in her answer prayed for temporary and permanent alimony for the support of herself and the child and for custody of the child. The trial court awarded defendant alimony and custody of the child. This court reversed the ruling on alimony holding that: "The marriage of a boy under that age, though not absolutely void, being voidable only and subject to ratification, must yet be treated as void, so far as alimony is concerned, unless and until it is so ratified by him after reaching such age." *Eskew v. Eskew,* supra, p. 513 (3), and ". . . the grant of such judgment [i.e. alimony] against him was contrary to law, since there was no valid marriage to support it." Ibid., p. 514 (4). See also *Smith v. Smith,* 84 Ga. 440 (11 SE 496); *Powers v. Powers,* 138 Ga. 65 (74 SE 759); *Morgan v. Morgan,* 148 Ga. 625 (97 SE 675, 4 LRA 925).

In our view of the annulment statute the legislature sought thereby to protect the children of marriages previously considered void under the rule in *Eskew v. Eskew,* supra, by prohibiting annulment and thus guaranteeing their legitimacy. Consistent with this purpose, the legislature provided that such marriages could be dissolved only by divorce.

Divorce is commonly known as the method of dissolving a valid marriage relationship. A decree of nullity or an annulment under law is the method of declaring void a marriage which was void at the outset for some reason recognized either in equity or at law. 27A CJS 15, Divorce, § 1; 17 Am. Jur. 255, Divorce and Separation, § 3. Historically in this State, the availability of divorce presupposes the existence of a valid marriage. Thus, it may be reasonably inferred that the legislature intended to confer validity upon marriages otherwise void for nonage, fraud, etc., where children were born or to be born from such marriages in that they can be dissolved only by divorce.

This court has striven vigorously to protect children of marriages where the parties sought an annulment which would, of course, bastardize the children, by denying that relief and leaving them to the only alternative remedy, divorce. *Brown v. Westbrook,* 27 Ga. 102; *Johnson v. Johnson,* 172 Ga. 273, 275 (157 SE 689); *Mackey v. Mackey,* 198 Ga. 707, 712 (32 SE2d 764). The legislature has done this by express language in the annulment statute.

In view of the obvious purpose of the statute to uphold the interest and welfare of children manifested in its provisions insuring their legitimacy, prohibiting annulment, and thus requiring divorce to dissolve such marriages, we hold that the right to alimony lies as a necessary concomitant remedy to fulfill the general design of the statute.

The trial court did not err in awarding alimony to plaintiff and in overruling defendant's plea in bar.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*