Louis E. TROUTMAN, Petitioner,

v.

The Honorable Marvin J. STERNBERG, Judge, Jefferson Circuit Court, Chancery Branch, Second Division, Respondent.

Court of Appeals of Kentucky.

Oct. 24, 1969.

Freeman B. Blackwell, Louisville, for appellant.

Lawrence S. Grauman, John M. Mayer, Louisville, for appellee.

WADDILL, Commissioner.

Petitioner seeks an order prohibiting respondent from awarding alimony pendente lite to Wanda Eleanor Troutman who instituted a divorce action against petitioner which is now pending in the Jefferson Circuit Court. In substance, petitioner alleges that "respondent is proceeding erroneously and outside its jurisdiction" in permitting the issues in the divorce action to be litigated when court records show that petitioner was married to Anna Dean Trout-

man at the time of his alleged marriage to Wanda Eleanor Troutman, which rendered the latter marriage void under KRS 402.-020. However, respondent states that a genuine issue is presented in the divorce action concerning whether there is a valid marriage existing between the petitioner and Wanda Eleanor Troutman, and, therefore, the Jefferson Circuit Court has jurisdiction to determine this issue. On June twenty-seventh of this year we entered an order denying petitioner the relief he sought. We now record the reasons for our decision.

On October 21, 1968, Wanda Eleanor Troutman filed an action in the Jefferson Circuit Court against petitioner alleging that they were married on or about October 31, 1966. She alleged sufficient grounds to entitle her to a divorce and alimony if her allegations were sustained by evidence. Petitioner filed an answer in that action in which he denied her allegations and affirmatively alleged that he was married to Anna Dean Troutman on April 12, 1956, and had remained married to her until February 16, 1968.

However, according to respondent, there was evidence introduced at the hearing of the divorce action that tended to show that Wanda Eleanor Troutman and petitioner were legally married. The issue of whether they were or were not legally married had not been decided.

In these circumstances we believe that the award of alimony pendente lite was proper. We base our opinion, as did the respondent, upon Rose v. Rose, 274 Ky. 208, 118 S.W.2d 529, wherein it was said:

"It seems to be the general rule that where there is an issue as to the validity of a marriage and it appears prima facie valid, the court will allow a necessitous putative wife maintenance pendente lite and attorney's fee. But when the marriage has been finally determined to be void, no allowance can be made, for the court has power only to make such orders in favor of a lawful wife. Stewart

v. Vandervort, 34 W.Va. 524, 12 S.E. 736, 12 L.R.A. 50; Morgan v. Morgan, 148 Ga. 625, 97 S.E. 675, 4 A.L.R. 925; State ex rel. Wooten v. District Court, 57 Mont. 517, 189 P. 233, 9 A.L.R. 1212; Therry v. Therry, 117 Fla. 453, 158 So. 120; Whitebird v. Luckey, 180 Okl. 1, 67 P.2d 775, 110 A.L.R. 1279."

It may later be determined that Wanda Eleanor Troutman was never married to petitioner. If that happens it may be difficult for petitioner to recover the sum he has expended for pendente lite alimony. Nevertheless, the expenditure of this sum by petitioner will not cause us to issue the extraordinary writ to prevent the trial court from proceeding in an orderly fashion in the divorce action.

The writ of prohibition is denied.

All concur.