### 32930. RIDDLE v. RIDDLE.

MARSHALL, Justice.

The appellant filed this contempt citation against the appellee, alleging that he was $3,939 in arrears in child support payments awarded to her in a 1970 divorce decree. The trial court granted the appellee's motion for summary judgment on the ground that a prior undissolved marriage between the appellee and another party rendered the 1970 divorce decree null and void. The appellant appeals. We reverse.

It is true that the appellee's prior undissolved marriage rendered him incapable of contracting the

subsequent marriage to the appellant (Code Ann. § 53-102 (1); Ga. L. 1957, p. 83; as amended), thereby rendering the subsequent marriage void. Code § 53-101 (1). *Gearllach v. Odom,* 200 Ga. 350 (37 SE2d 184) (1946); *Barnett v. Barnett,* 191 Ga. 501 (13 SE2d 19) (1941); *Curlew v. Jones,* 146 Ga. 367 (91 SE 115) (1916). However, under the Annulment Act of 1952 (Code Ann. Ch. 53-6; Ga. L. 1952, p. 149) a divorce was the only authorized judicial means for dissolving this admittedly void marriage. Under Code Ann. § 53-601 (1), annulment of marriages declared void by law may not be granted in instances where children are born as a result of the marriage. Under Code Ann. § 53-602, parties entering into such marriages have the right to file a petition for divorce if grounds for divorce exist.

Having determined that a divorce was the appropriate method for dissolving this marriage, it follows almost as a matter of course that child support could be awarded in the divorce proceeding. The only decision on this point appears to be *Wallace v. Wallace,* 221 Ga. 510 (145 SE2d 546) (1965). In *Wallace* the wife had filed a petition against her husband seeking alimony for herself and for support of an unborn child. The husband filed a plea in bar alleging that his nonage rendered the marriage void. The trial court overruled the plea. This court affirmed. In the court's view, the purpose of the 1952 annulment statute was to protect children of marriages previously considered void under the rule in such cases as *Eskew v. Eskew,* 199 Ga. 513 (34 SE2d 697) (1945), in which the wife was denied alimony for the support of herself and the child of the marriage since the husband's nonage rendered the marriage void. This court in *Wallace* stated that, "[i]n view of the obvious purpose of the statute to uphold the interest and welfare of children manifested in its provisions insuring their legitimacy, prohibiting annulment, and thus requiring divorce to dissolve such marriages, we hold that the right to alimony lies as a necessary concomitant remedy to fulfill the general design of the statute." *Wallace,* supra, 221 Ga. at 513.

Therefore, the judgment of the trial court is reversed and the case is remanded to the court for reconsideration.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 15, 1977 — DECIDED JANUARY 3, 1978 — REHEARING DENIED JANUARY 18, 1978.

*W. Burton Cowley,* for appellant.
*J. Melvin England,* for appellee.