## 34212. McKINNEY v. McKINNEY.

HILL, Justice.

Plaintiff filed suit in 1978 seeking an annulment of her "marriage" entered into by ceremony in 1974 and praying that she be reimbursed for certain debts. The defendant did not answer until after a trial at which the court entered findings of fact, conclusions of law and a decree of annulment in which the court found as follows:

At the time of this marriage, the husband had in force and effect a previous marriage undissolved. The wife entered into this void marriage in good faith and without knowledge of the husband's preexisting marriage. There were no children born or to be born of the marriage. The marriage was void and the court ordered it annulled.

The court awarded to the wife the husband's half interest in a 1972 Ford and ordered him to pay the balance owed on it. The court ordered him to pay $500 to the wife as credit card and other debts of theirs which she had paid. The court also ordered him to pay the wife $300 as attorney expenses of obtaining the annulment.

Thereafter, within the term, the husband answered the complaint and moved to set aside the judgment insofar as it provided for property distribution and payment of debts and attorney fees. After a hearing the trial court denied the motion and the husband appeals. There is no transcript of either the trial or the hearing.

The action for annulment of marriage had its origins in equity. *Reynolds v. Reynolds,* 153 Ga. 490 (1) (112 SE 470) (1922); *Gearllach v. Odom,* 200 Ga. 350 (37 SE2d 184) (1946); 9 EGL 84, Divorce and Alimony, § 4. The action was recognized by statute in 1952. Ga. L. 1952, p. 149 (Code Ann. § 53-601 et seq.)

Because no valid marriage existed, permanent

alimony was not allowable in an equitable action for annulment *(Barnett v. Barnett,* 191 Ga. 501 (13 SE2d 19) (1941), where there were no children born to the parties (see *Riddle v. Riddle,* 240 Ga. 515 (241 SE2d 214) (1978)). However, a court of equity hearing an action for annulment undoubtedly could determine the rights of the parties in jointly held property and could partition it, could restore the status quo as to property brought to the marriage by the parties, and could otherwise do equity as between the parties. In fact, a wife defending an action for annulment may be awarded temporary alimony and attorney fees. *Jones v. Jones,* 200 Ga. 571 (37 SE2d 711) (1946); *S v. S,* 211 Ga. 365 (86 SE2d 103) (1955).

Pursuant to the 1952 Act, a decree of annulment shall return the parties to their original status but shall not relieve any party of criminal charges "or responsibilities occasioned by such marriage." Code Ann. § 53-605. These "responsibilities" are not limited to criminal charges but include civil liabilities, such as necessaries furnished the wife by a third person. 9 EGL 91, Divorce and Alimony, § 8; McConaughey & Hinchey, Divorce, Alimony and Child Custody, § 1-9.[1]

Turning now to the facts of the case at hand, without a transcript of the trial we cannot say that the court below erred in requiring the husband to reimburse the wife for their joint debts for necessaries which she had paid. Without a transcript we cannot say that the court erred in awarding the husband's interest in the 1972 Ford to the wife and requiring him to pay the balance owed on it. (Query: Was the husband allowed to keep another vehicle or other joint property? Was the balance owed treated as a debt due a third person for furnishing necessaries?)

As for the attorney fees for obtaining annulment we find them allowable under Code Ann. § 53-605 as a "responsibility occasioned by such marriage." Where the wife enters into a ceremonial marriage in good faith and

---

[1]As Messrs. McConaughey and Hinchey observed, if children were born to the marriage, annulment is not available. Hence the "responsibilities" referred to are not those owed to or for the children.

without knowledge that the husband has a preexisting marriage, the husband will not be heard to defend against the wife's claim for attorney fees to annul the marriage by saying "Our marriage was void because, unknown to you, I had a prior undissolved marriage and since there was no valid marriage, you are not entitled to attorney fees." Equity will not permit a husband to rely on his own wrong so as to preclude the wife from being restored to the status quo without legal expense to herself.

The court below did not err in refusing to set aside its judgment for any reason assigned.

*Judgment affirmed. All the Justices concur.*

Submitted November 3, 1978 — Decided November 22, 1978.

*Brown, Harriss, Hartman & Ruskaup, Robert J. Harriss,* for appellant.

*Bennett & Womack, Lindsay H. Bennett, Jr., Ronald R. Womack,* for appellee.