## S06A2039. CORVIN v. DEBTER.
### (639 SE2d 477)

CARLEY, Justice.

Katherine Corvin (Wife) and Michael Debter (Husband) were divorced in 1994. The final decree provided, in relevant part, that Wife was to retain possession of the marital residence, but

> upon [her] remarriage or entering into a meretricious relationship or the youngest child attaining the age of 18 years of age, whichever may occur first, [she] is to redeem [Husband's] equity in said house which is hereby set by the Court at $22,000. . . . Until such time as [Wife] redeems said equity, as set forth herein, [Husband] shall retain his ownership interest in said property.

Wife remarried in 1996, but did not pay Husband the $22,000. In 2004, the two filed cross-motions for contempt. In Husband's motion, he alleged that Wife was in contempt because she refused to pay him the $22,000 even though she "has been remarried for several years and the parties['] youngest child is now 19 years of age." Wife filed a response, in which she pled estoppel, illegality and waiver as affirmative defenses to her failure to comply with the provision of the divorce decree. After conducting a hearing, the trial court found that Wife was in contempt and ordered her to sell the home and pay Husband $22,000 from the proceeds. Wife then filed a motion for new trial and motion to set aside, asserting that Husband could not recover because the judgment had become dormant pursuant to OCGA § 9-12-60 and that he had not attempted to revive it. The trial court denied the motions. Wife then applied for a discretionary appeal, and we granted the application.

Wife's sole contention is that the trial court erred, because her obligation to pay Husband the $22,000 was unenforceable pursuant to OCGA § 9-12-60.

> A judgment shall become dormant and shall not be enforced:
> When seven years shall elapse after the rendition of the

judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered . . . .

OCGA § 9-12-60 (a) (1). "The above statute of limitations upon the enforcement of a judgment begins to run from the time when the judgment could be first enforced . . . ." *Copeland v. Pope*, 90 Ga. App. 304 (2) (83 SE2d 40) (1954). However, since dormancy under OCGA § 9-12-60 constitutes a statute of limitations, the burden was on Wife to raise that affirmative defense in a timely manner.

If a person is sued upon a cause of action which is barred, he can not fail or refuse to attend the court and allow a judgment to go against him and afterwards claim that the judgment is void. It is his duty to appear at court and plead the statute of limitations, or demur to the petition if the bar appear on the face thereof.

*Milner v. Neel*, 114 Ga. 118, 121 (2) (39 SE 890) (1901).

In her answer to Husband's motion for contempt, Wife did not raise dormancy as a defense to her obligation to comply with the provisions of the divorce decree. Compare *Brown v. Brown*, 269 Ga. 724 (506 SE2d 108) (1998). Instead, the record shows that Wife only invoked OCGA § 9-12-60 after the trial court found that she was in contempt, when she filed her post-judgment motions for new trial and to set aside. Thus, as in *Wood v. Wood*, 239 Ga. 120, 121 (6) (236 SE2d 68) (1977), "[s]he raised no affirmative defense based upon the statute of limitation[s] and that defense has therefore been waived ([cit.])."

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Joseph E. Willard, Jr.*, for appellant.
*David J. Dunn, Jr.*, for appellee.