S12A2026. WRIGHT v. HALL.
(738 SE2d 594)

HUNSTEIN, Chief Justice.

Russell James Wright and Debra Sue Hall were married in 1997 and divorced in 2000 under a divorce decree that required Wright to pay monthly alimony. In 2012 Wright filed a motion to set aside their divorce decree on the ground that Hall had committed fraud in marrying him when she was not divorced from her first husband. The trial court denied the motion, and we granted Wright's application for

discretionary appeal to consider whether the trial court erred. Because our statutes do not confer validity on an otherwise void marriage for the purpose of requiring the payment of alimony unrelated to the protection of children, we reverse the trial court's decision.

Hall first married in 1986 when she was 17 years old. There is no evidence that she divorced her first husband. She had a son by Wright in 1996 and they married in 1997. Their 2000 divorce decree awarded custody of their son to Wright, ordered Hall to pay $50 per week in child support, and ordered Wright to pay $50 in alimony. Because these amounts offset each other, neither party made any payments. In 2007, Hall's parental rights were terminated, which ended her child support obligations, and the couple's child was adopted by Wright's current wife. In 2011, Hall filed a contempt action alleging that Wright owed her alimony from the date her parental rights were terminated. In response, Wright filed a motion to set aside the divorce decree. Following a consolidated hearing, the trial court denied the motion to set aside and continued the contempt action to give Wright the opportunity to conduct discovery. Wright appeals, contending that his divorce decree was void because there was no valid marriage.

1. OCGA § 9-11-60 (f) provides that a motion to set aside a judgment on grounds other than lack of personal or subject matter jurisdiction "shall be brought within three years from entry of the judgment complained of." See *Mehdikarimi v. Emaddazfuli*, 268 Ga. 428 (2) (490 SE2d 368) (1997) (wife's motion to void divorce decree's award of child support to husband barred by three-year statute of limitations); *Riddle v. Miller*, 242 Ga. 231 (248 SE2d 616) (1978) (trial court properly dismissed husband's untimely motion to set aside divorce decree that was void due to husband's prior undissolved marriage). However, the expiration of a statute of limitation is an affirmative defense that must be raised in a timely manner. See OCGA § 9-11-8 (c); *Corvin v. Debter*, 281 Ga. 500 (639 SE2d 477) (2007). By failing to challenge Wright's motion as untimely, Hall has waived her statute-of-limitation defense in this case. See id. at 501.

2. Wright contends that the trial court erred in holding that estoppel may validate a divorce decree that terminated a void marriage. He argues that his 1997 marriage to Hall was void from its inception because she had a living spouse from an undissolved marriage at the time, see OCGA § 19-3-2 (a) (3), and, therefore, the divorce decree should also be void.

Historically, neither spouse was entitled to claim rights under a marriage contract that was void from its inception due to a living spouse from a previous marriage. See *Beebe v. Beebe*, 227 Ga. 248 (1) (179 SE2d 758) (1971); *Barnett v. Barnett*, 191 Ga. 501 (1) (13 SE2d 19) (1941); see also *Eskew v. Eskew*, 199 Ga. 513 (34 SE2d 697) (1945)

(parent not liable for alimony and child support when marriage was void). In 1952, the Georgia legislature enacted an annulment statute to protect children of void marriages by prohibiting the annulment of those marriages and thus guaranteeing the legitimacy of the children. *Wallace v. Wallace*, 221 Ga. 510 (145 SE2d 546) (1965) (discussing Ga. L. 1952, p. 149, § 1, now codified at OCGA § 19-4-1). Under OCGA § 19-4-1, a superior court may not grant an annulment of a marriage declared void by law "in instances where children are born or are to be born as a result of the marriage." Instead, the parents must file a petition for a divorce. *Wallace*, 221 Ga.. at 513; see OCGA § 19-4-2. In *Wallace*, we explained:

> Historically in this State, the availability of divorce presupposes the existence of a valid marriage. Thus, it may be reasonably inferred that the legislature intended [by passage of the annulment statute] to confer validity upon marriages otherwise void for nonage, fraud, etc., where children were born or to be born from such marriages in that they can be dissolved only by divorce.

*Wallace*, 221 Ga. at 513. Relying on the statute's purpose to protect the interest and welfare of children, we upheld the right of the wife to recover alimony for herself and her child as a necessary remedy to fulfill the statute's purpose. Id.

Although the *Wallace* case involved a void marriage due to an underage husband, we subsequently followed its reasoning in a case involving a marriage that was void because the husband's prior undissolved marriage made him incapable of contracting to marry a second time. See *Riddle v. Riddle*, 240 Ga. 515 (241 SE2d 214) (1978). In *Riddle*, we determined that a divorce was the "only authorized judicial means for dissolving" the void marriage and that child support could be awarded in the divorce proceeding as a necessary remedy. Id. at 516. Following these opinions, the otherwise void marriage of Wright and Hall is valid to the extent necessary to protect the interests of the couple's child. See *Burnett v. Schweiker*, 643 F2d 1168 (I) (5th Cir. 1981) (construing Georgia's annulment statute); see also OCGA § 19-3-5 (a) (issue of void marriage shall be legitimate).

Unlike the mothers in the *Wallace* and *Riddle* cases, Hall is not seeking to recover child support or representing in any way the interests of the child born to her second marriage. She was not awarded child custody or child support in her divorce, but instead was ordered to pay child support to Wright, the custodial parent. Her parental rights were terminated in 2007 after a court determined that she had abandoned the child by failing to communicate with him

or pay any child support during the previous year. In a similar case where a Georgia widow sought benefits for herself based on a void marriage, the Fifth Circuit Court of Appeals determined that the widow was not entitled to benefits under *Wallace, Riddle,* and the annulment statute. See *Burnett v. Schweiker,* 643 F2d at 1171. The federal court concluded that the annulment statute did not make legitimate a marriage that was void due to a previous undissolved marriage for purposes unrelated to the protection of children. Id.

> [U]nder the Georgia cases construing [OCGA § 19-4-1], this category of void marriages is considered valid for the purpose of protecting the children born of the marriage. It cannot, however, be said that [the annulment statute] confers validity on an otherwise void marriage for the purpose of permitting a spouse to such marriage to receive benefits that only inure to a husband or wife of a legal marriage. Such a construction would not promote the purpose of [OCGA § 19-4-1]. In other words, denying a spouse the ability to receive benefits as a legal widow does not cast doubt on the legitimacy of a child born of a void marriage.

Id.

Finding this reasoning persuasive, we conclude that our case law and statutes make an otherwise void marriage valid for purposes of protecting the children of the marriage, but not for the purpose of protecting spousal interests unrelated to the child's interests. Because Hall was awarded spousal support unrelated to the child's protection or interests, she is not entitled to receive alimony under these circumstances. Accordingly, the trial court should have granted the husband's motion to set aside the decree.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

*Russell & Mingledorff, John D. Russell,* for appellant.
Debra S. Hall, *pro se.*