CALDWELL *et al. vs.* McWILLIAMS.

1. Where the court has jurisdiction of the person and the subject matter of the litigation, and the parties in open court enter into an agreement in relation thereto, which is recorded upon the minutes and approved by the judge, it is binding upon the parties.   The more especially is this so when four days elapse before a verdict, which is the subject matter of the agreement, is taken without objection, and one of the parties has received a benefit under the agreement.

2. Where a question of law arising under a given state of facts is submitted to the judge for his decision, the statement to him of what the facts are upon which he is to decide the law cannot be error.
3. Where counsel make statements in their place, they may be received without verification, unless the same is required by the opposing party at the time.

Contracts.   Practice in the Superior Court.   Evidence. Witness.   Before Judge BUCHANAN.   Spalding Superior Court.   August Term, 1879.

The facts are reported in the decision.

HUNT & JOHNSON, for plaintiffs in error.

STEWART & HALL, for defendant.

CRAWFORD, Justice.

A *fi. fa.* in favor of S. B. McWilliams was levied upon certain land therein described, on July 5th, 1879, to which, on the twenty-sixth day of the said month, Emily C. Caldwell *et al.*, put in their claim.   At the August term of Spalding superior court, and on the fifth day of said month, issue was joined on the claim, after which and on the same day an agreement was had and entered on the minutes, whereby a verdict was to be taken finding the land subject, though not to be sold until the first Tuesday in December thereafter, the plaintiffs in *fi. fa.* to pay all costs and all counsel fees.   In pursuance of this agreement and four days after it had been made, the verdict was taken.   Two days thereafter, to-wit : on the eleventh, a motion was made to set aside the verdict on the ground that "the claim was not ripe for trial inasmuch as it was returnable to the February term, 1880, of said court."

When the motion docket was being called to dispose of the cases in which there were no issues of fact, counsel for claimants and movants announced that he was willing for the case to be heard as it involved simply a question of law and was, whether a claim case returnable by law to

a certain term, could be tried at a preceding one. The court therefore heard a statement from the counsel of the parties on the motion to set aside the verdict and rendered the following judgment : " After hearing the within motion and the facts touching the transaction—ordered that the same be refused." To which judgment the counsel for the movants excepted and says :

1. That the court erred in overruling said motion, because the verdict being taken at a term prior to that at which the case was returnable is void.

2. A question of law only being made by the pleadings, it was error to pass upon a question of fact.

3. The court erred in considering the statements of counsel as evidence, when the same was only made as personal explanations, and not intended as evidence.

1. Where the court has jurisdiction of the person and the subject matter of the litigation, and the parties in open court enter into an agreement in relation thereto, which is recorded upon the minutes, and approved by the judge, it is binding upon the parties. The more especially is this so where four days elapse before a *verdict*, which is the subject matter of the agreement, is taken without objection, and one of the parties has received a benefit under the agreement.

2. Where a question of law arising under a given state of facts is submitted to the judge for his decision, the statement to him of what the facts are upon which he is to decide the law cannot be error. Questions of law in the abstract to be passed upon by the courts would be rather an anomalous proceeding.

3. Where counsel make statements in their place, they may be received without verification unless the same is required by the opposing party at the time. In this case they were received without objection and it would be too late now to raise it ; besides, their statements were not needed and probably not considered by the court in the judgment rendered.

Judgment affirmed.