## LENNEY *v.* FINLEY.

1. Where error is assigned on the overruling of a motion for new trial in which no point is made on the form of the verdict of the jury, and the bill of exceptions recites the substance of the verdict, the writ of error will not be dismissed because the verdict is not specified or transmitted as part of the record.
2. Where judgment by default is rendered in a case in which the damages are not liquidated, the defendant is thereby concluded as to the truth of all the material allegations of the petition save as to the amount of the damages. Where the suit is for damages to the plaintiff's business and property, it is, therefore, error to allow the defendant to contest the plaintiff's claim of ownership of the business or property.
3. A witness can not, without finally testifying from his recollection of the facts, swear from a written memorandum without showing that he made the memorandum or at some time knew it to be correct.
4. On the trial of an issue as to the amount of the plaintiff's income from a certain business, evidence as to his personal and household expenses and as to his financial condition is irrelevant.

Argued June 29,—Decided August 12, 1903.

Action for damages. Before Judge Lumpkin. Fulton superior court. November 15, 1902.

*J. R. Pottle* and *E. G. Cabaniss Jr.*, for plaintiff.
*Lumpkin & Boykin*, for defendant.

SIMMONS, C. J. Suit was filed by Lenney against Finley, for damages growing out of the tortious eviction of the plaintiff by the defendant from premises rented by the former from Finley for use as a photographic studio. The petition alleged that the plaintiff had been damaged in named amounts, because of having to move and store his photographic outfit, because of injury to the same, and because of his business having been closed up for several months. The defendant filed no defense, and the case was marked in de-

fault. At the trial term he made an unsuccessful attempt to open the default, and the case was still in default at the time of the trial. The case proceeded to trial before a jury, and a verdict was rendered against the defendant for nominal damages and costs. The plaintiff moved for a new trial, the motion was overruled, and he excepted.

1. Upon the call of the case in this court the defendant in error moved to dismiss the writ of error, upon the ground that the verdict of the jury was not specified in the bill of exceptions or transmitted by the clerk of the lower court as a part of the record. The bill of exceptions does state that a " verdict was rendered . . against the defendant for the sum of one dollar and costs." No question is made as to the form of the verdict. Further than this, the verdict could be sent for by this court if the statement of it in the bill of exceptions were not sufficient. The motion to dismiss is obviously without merit, and must be overruled.

2. The principal question made by the motion for new trial is whether the judge erred in allowing the defendant to go into the question of the ownership of the business and property alleged to have been damaged. We are therefore called upon to decide what are the rights given a defendant by the Civil, Code, § 5073, which is as follows: " In all cases where the damages are not liquidated and a judgment by default is rendered, the plaintiff shall be required to introduce evidence and establish the amount of damages. The defendant may contest the amount of such damages before the jury, with a right to move for a new trial in respect to such damages, and except as in other cases." Prior to the passage of the act of 1895, upon which this section is based, in all default cases except one the plaintiff had still to prove his case. Code of 1882, § 3457; *Hayden* v. *Johnson*, 59 *Ga.* 105. The one exception was the case of suits on open accounts, where the writ or process had been served on the defendant personally, and in that case the plaintiff was " permitted to take judgment as if each and every item were proved by testimony." Under the Civil Code, § 5078, in all cases except actions for unliquidated damages and suits on unconditional contracts in writing, when the defendant is in default, " the plaintiff shall be permitted to take a verdict as if each and every item and paragraph were proved by testimony." In other than the excepted cases the defendant in default is, therefore, in

the position of having admitted every material allegation of the plaintiff's petition. The present case is, however, within the exceptions, being an action for unliquidated damages ; and it is necessary to determine how such suits differ from other suits with respect to the rights of the defendant in default. The code section above quoted (5073) gives him the right to "contest the amount" of the "damages." He has this right under the code, but otherwise is in a position exactly similar to that of a defendant in default in a suit of different character. He is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. In fact, except as to the amount of damages, by the entry of the default "a *judgment* by default is rendered," and all that is left to be tried by the jury is the amount of the damages. In the present case the action was for damages to certain business and property. While the business and property were not expressly and distinctly alleged to be the property of the plaintiff, yet the allegations as to the business and the property and the construction of the whole petition show clearly that the plaintiff was seeking to recover for damage done to the business and property as his. A careful reading of the petition leaves no doubt as to this. The defendant was still in default when the case came on for hearing, and the only issue for the jury was the amount of the damages to the business and property. Of course it is true that, by showing that the plaintiff did not own the business or property, the defendant would show that the plaintiff had not been damaged by the eviction. The same thing would be accomplished by showing that the plaintiff had never been evicted, or that there had never been any such business or property located at the premises described in the petition. As to things such as these the defendant was concluded. To show these things would be to make a defense which goes, not to the assessment of damages merely, but to the very right of recovery. Such a construction of the code would leave the defendant in as good position when he was in default as though he had answered, relatively to all the allegations of the petition. Indeed his position would be better ; for the plaintiff would have no notice of the defense relied upon, or what allegations of the petition were admitted and what denied. Such is not the intention of the default law. Under that law the amount of damages due has to be fixed by the

jury even when the defendant is in default, but otherwise the allegations of the petition are to be taken as true.    And " upon the assessment of damages a defense which goes to the right of recovery can not be made."    4 Cyc. 359.    The issue for the jury was the amount of the damages, taking as settled the truth of the petition as to all other things.    As between the plaintiff and defendant, for the purposes of this case, the ownership of the business and of the property was settled and adjudicated by the judgment of default. This judgment concluded the defendant as to the question of ownership, and he could only contest the amount of damages to that business and that property without regard to its real ownership.

3.    The plaintiff, while on the stand as a witness, made use of certain memoranda which had been copied from his books, relating to the amount of the receipts and expenses of his business.    Error is assigned on the refusal of the court to allow his counsel to ask him " if he would swear positively from the memoranda to the cor rectness of the items thereon; the court ruling that the witness could use the memoranda to refresh his recollection, but must then swear from his recollection as thus refreshed, and not from the memoranda.    The witness would have sworn positively from the memoranda to the correctness of the items thereon."    The question was in the terms of the Civil Code, § 5284, on which counsel for the plaintiff in error relied.    That section is as follows:  " A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally speaks from his recollection thus refreshed, or is willing to swear positively from the paper."    Apparently this code section is not based on any statute, but is a codification of the general law existing before its adoption.    Its provisions are quite broad, but we think it does not cover memoranda which a witness does not know to be true and which he has never known to be true.    It includes *any* written instrument or memorandum, and it is not essential that the memoranda should have been made by the witness himself.    1 Gr. Ev. (16th. ed.) § 439 *a* (2).    It is essential, however, that he should at some time have had personal knowledge of the correctness of the memoranda.    *Hematite Co.* v. *Railway Co.,* 92 *Ga.* 268.    See also 8 Enc. Pl. & Pr. 138 ;  *Jones* v. *State,* 99 *Ga.* 46 ;  *Davis* v. *State,* 91 *Ga.* 167.    In the present case it does not affirmatively appear that the witness either made the memoranda himself or at any time

when the facts were fresh in his memory knew the memoranda to be correct.    There was therefore no error in allowing him to use them for no purpose save to refresh his recollection.

4. The only remaining grounds of the motion for new trial with which it is necessary to deal complain of the admission of certain evidence as to the amount of plaintiff's personal and household expenses during the period for which evidence as to the income from his business was material, and as to the fact that plaintiff returned no property for taxation at that time, and was, then and at the time of the trial, worth nothing.    This evidence was objected to by plaintiff's counsel, on the ground that it was irrelevant and immaterial.    One of the questions at issue was the net income from the plaintiff's business.    Evidence as to any and all receipts and disbursements or expenses connected with this business was, of course, material.    The evidence now under discussion was much more remote.    It did not bear on the question at issue.    Plaintiff's financial condition was dependent upon his private expenses, his prior assets or liabilities, and income from other sources or losses in other directions, quite as much as upon what he was making from this business.    The only possible light such evidence could have thrown upon the real issue was, that, by showing all of his business and private expenses and that he had saved nothing, defendant could have argued that his receipts from his business were no more than such expenses.    This would entail an endless inquiry into the details of plaintiff's private life and family and personal expenses, and lead to the formation of collateral and immaterial issues, with no chance of giving substantial assistance to the jury in determining the amount of the income from the business.    Indeed the evidence was so remote as to tend principally to divert the minds of the jurors from the real issues in the case, and should, we think, have been excluded as irrelevant.                    *Judgment reversed.    By five Justices.*