### 3229.   CRAPPS v. SMITH.

1. While ordinarily, in habeas-corpus cases brought to determine the custody of a child, the personal fitness of the respective contestants is a material element, still under the particular circumstances of this case there was no error in the court's confining the issue to the question of the child's age.
2. A female under the age of fourteen years can not contract matrimony; and where a child under that age has run away from her father and gone through the form of a marriage ceremony, and her father sues out habeas corpus to recover the child from the man she has attempted to marry, it is no sufficient answer on the latter's part that the girl's father had treated her cruelly.
DECIDED JUNE 7, 1911.

Habeas corpus; from city court of Baxley—Judge Lankford presiding. January 8, 1911.

*Vernon E. Padgett,* for plaintiff in error.

*Parker & Highsmith,* contra.

POWELL, J. The contest is over the custody of a girl. She had run away and gone through the form of a marriage with a young man, when her father brought habeas corpus against the young man; alleging that the girl was only thirteen years of age, and that the attempted marriage was void. The respondent set up that the girl was more than fourteen years old, and that the marriage was legal. He further set up that the girl's father had mistreated her, but this portion of the answer was stricken, and the issue was confined by the court to the sole question as to whether the girl was as much as fourteen years old: and this ruling is made the basis for the chief exception contained in the record.

The evidence as to the girl's age was very conflicting, but the judge settled this conflict by finding that she was not fourteen years old, and thereupon awarded her to the custody of the father. A female under the age of fourteen years can not contract marriage. Civil Code (1910), § 2931. Any attempt on her part to do so is wholly void. *Smith* v. *Smith,* 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362). For the contracting parties to live together would be fornication, and would be punishable as such. The finding of the trial judge that the girl is less than fourteen years old must be accepted as the truth of the case; and, this being so, it was undoubtedly proper for the court to refuse to award her to the custody of the young man. The young couple seem to be very much in love, the intentions of both seem to be entirely honorable, and the proper thing for them to do is to wait until next winter, when she will unquestionably be fourteen, and then go back together, and, as it is customary to phrase it, "live together happy ever afterward." This will ratify the former attempt at matrimony and render it a legal marriage. *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702) ; *Smith* v. *Smith,* supra.

As to the exception to the court's refusal to let the respondent show that the girl's father had mistreated her: It is true that ordinarily, when habeas corpus is brought to determine the custody of a child, the court has a broad discretion, and may award it even to a stranger: the best interest of the child being the paramount

consideration. Hence, it is usually material and proper for one of the parties to show that the other is unfit for the custody; but we seriously doubt that either of the contestants can except to the court's refusal to give the child to an outsider. The present case is exceptional. If the girl was under fourteen, the court certainly could not award her to the custody of the respondent. That would have been a gross abuse of discretion. To restore her to parental control would not prevent investigation into the father's fitness in any other proceeding brought for the determination of that question. Therefore we think that the court did not err in confining the issue to the question of the girl's age.

*Judgment affirmed.*