### 5688. AMERICUS GAS & ELECTRIC CO. *v.* COLEMAN.

WADE, J. 1. A verdict may be upheld when based upon evidence supporting allegations in a petition which are sufficiently definite (under the reasonable and liberal construction favored by the courts) to clearly put the opposite party on notice as to the cause of action relied upon.

(*a*) Measured in this way, the petition not only charged negligence on the part of the defendant in permitting certain electric wires to become exposed by loss of their insulating covering, and thereby extremely dangerous, but also charged negligence on account of the faulty construction of the electric-light system at the point where the injury occurred.

(*b*) All assignments of error based on instructions from the court relative to the duty of the defendant as to the proper erection and maintenance of its electric-light system, and likewise assignments of error on account of the refusal to give certain instructions to the jury restricting the right of recovery solely to negligence in permitting certain wires conveying a dangerous electric current to become denuded of their insulating covering, are therefore without merit.

2. Where a paragraph in a petition alleges gross carelessness and wanton and wilful disregard of life and property because of certain specific facts

2

therein stated, and there is no evidence whatever introduced which tends to sustain such allegations, it is error on the part of the court to read to the jury that portion of the plaintiff's petition.

3. The following charge was error: "They are bound to provide such safeguards against danger as are best known and most extensively used, and all necessary protection must be afforded to avoid casualties which may be reasonably expected." The duty rested upon the defendant to use such safeguards against danger, in the construction and maintenance of its wires, poles, etc., as were prudent, usual, and customary, but the burden did not rest upon the defendant to employ the safeguards "best known and most extensively used." The defendant was bound to ordinary care and diligence, and was required to so construct its lighting system that persons proceeding along the streets and highways, according to the usual modes of travel, would not be liable to incur danger from currents of electricity by contact therewith.

4. "Our statute fixes the age of consent to marry in the female at fourteen years; and while the ceremonial marriage performed between the female who has not reached this age and the man competent to contract marriage may be said to be void, yet the female, after reaching the consentable age, may affirm the marriage, and it is thereafter binding, and no new marriage is required." *Luke* v. *Hill*, 137 *Ga.* 159, 161 (73 S. E. 345, 38 L. R. A. (N. S.) 559); *Crapps* v. *Smith*, 9 *Ga. App.* 400 (71 S. E. 501): The Civil Code, § 2931, provides that a person of the male sex must be at least 17 years of age to contract a marriage. If, however, such a contract be entered into by a boy less than 17 years old, but after he reaches "the consentable age" he affirms the marriage, and there is cohabitation between the parties, the marriage will thereafter be valid and binding. *Smith* v. *Smith*, 84 *Ga.* 440 (11 S. E. 496, 8 L. R. A. 362).

(*a*) Where a plaintiff sues on account of the homicide of her alleged husband, and proof is made that the ceremony of marriage was performed between herself and the deceased when the latter was less than 17 years of age, it must further appear that after the alleged husband reached the age of 17 years he nevertheless ratified and confirmed the marriage by continuing to cohabit with his wife as such, in order to warrant a recovery in behalf of the alleged widow. See, in this connection, *Murchison* v. *Green*, 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702).

(*b*) The evidence of the plaintiff in this case establishes the fact that a ceremonial marriage had been performed between herself and the deceased when the latter was less than 17 years of age, and there was no evidence whatever to show cohabitation between the parties after the deceased reached the age of 17 years, or to show that they lived together and were generally known or reputed in the community of their residence to be man and wife.

*Judgment reversed. Broyles, J., not presiding.*

DECIDED FEBRUARY 18, 1915.

Action for damages; from city court of Americus—Judge Harper. March 14, 1914.

*Battle & Hollis, W. A. Dodson,* for plaintiff in error.

*J. A. Hixon, W. P. Wallis,* contra.