33173.  MIMS *v.* HARDWARE MUTUAL CASUALTY CO. *et al.*

33194.  HARDWARE MUTUAL CASUALTY CO. *et al.* v. MIMS *et al.*

DECIDED JULY 14, 1950.  REHEARING DENIED JULY 31, 1950.

*Robert S. Horne,* for Frances King Mims.   *R. A. Harrison,* for Frances Mims.

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for Hardware Mutual Casualty Co., *et al.*

TOWNSEND, J.   (After stating the foregoing facts.)   ■   To be able to contract a valid marriage, the girl must be at least 14 years of age.  Code, § 53-102.  If she contracts a marriage which is invalid because she is under the age of consent, but, on arriving at this age, ratifies the marriage by continued cohabitation, the marriage is thereafter valid.  *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (4) (84 S. E. 493). As stated in *Luke* v. *Hill,* 137 *Ga.* 159, at page 161 (73 S. E. 345), "Such marriages partake more of the nature of voidable than void marriages; they are imperfect marriages which the party may affirm or disaffirm after reaching the age of consent."  See also *Eskew* v. *Eskew,* 199 *Ga.* 513 (34 S. E. 2d, 697).  The burden of proof is upon the person seeking to prove that the marriage was in fact affirmed by the acts of the parties thereto after the removal of the disability, since otherwise it remains completely lifeless.  See *Americus Gas & Electric Co.* v. *Coleman,* 16 *Ga. App.* 17 (4) (supra).  Where such evidence is in conflict, the ruling of the court thereon is conclusive (*Crapps* v. *Smith,* 9 *Ga. App.* 400, 71 S. E. 501, *Merry Brothers Brick & Tile Co.* v. *Holmes,* 57 *Ga. App.* 281, 195 S. E. 223), provided such ruling is based upon competent evidence.  Here the only evidence as to whether or not the marriage was ratified was the testimony of Wimberly Hughes.  Hughes married the girl when she was between the age of 12 and 13.  He did not know what her exact age was.  He did not know how long he lived with her.  He did not know at exactly what time they separated, and he did not know whether or not she had reached the age of 14 at that time.  His testimony on this subject was without probative value one way or the other, and, there being no other evidence on this subject, the claimant failed to carry the burden of proving that this marriage was in fact ratified, since the only result to be reached from Hughes' testimony was that she was either a few months under or a few months over 14 at the time they finally separated.

No ratification of this marriage having been proved, this marriage must be taken as void.  In consequence it offered no disability to the marriage of Annie Bell Slappy to Essick Exom.  Assuming that none of the parties obtained divorces, it follows by process of elimination that Exom, at the time he married the

claimant Frances King Mims, was laboring under the disability of his marriage to Annie Bell, in consequence of which his marriage to the claimant was void. Under this state of facts the claimant could not possibly have contracted a valid marriage to Exom, and labored under no disability at the time she married the deceased employee. She would therefore be entitled to compensation as his widow.

■ Upon the hearing, duly authenticated certificates were introduced in evidence of the marriage between Frances King and Essick Exom, and of the marriage between Frances King and James Mims. Upon the introduction of the latter, the presumption arose that the subsequent marriage was valid, which presumption was not defeated merely by introduction of proof of the former marriage. It was held in *Azar* v. *Thomas,* 206 *Ga.* 588 (57 S. E. 2d, 821), as follows: "To overcome the presumption of validity of the subsequent marriage, there must be plenary proof that neither party to the previous marriage had obtained a divorce, by failing to find any record of divorce in any counties of the jurisdiction where it should have been granted." The presumption of validity of the subsequent marriage can be negatived only by disproving *every reasonable possibility.* See *Longstreet* v. *Longstreet,* 205 *Ga.* 255 (2) (53 S. E. 2d, 480); *Carroll* v. *Hill,* 80 *Ga. App.* 576 (56 S. E. 2d, 821); *Reed* v. *Reed,* 202 *Ga.* 508 (1) (43 S. E. 2d, 539); *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379). An effort was made to carry this burden by the statement of the attorney for the mother claimant in his place that he had searched the records of Twiggs County and failed to find the record of any divorce there. This statement was sufficient for its purpose, no verification being required by opposing counsel at the time. See *Caldwell* v. *Mc-Williams,* 65 *Ga.* 100. However, it did not amount to that plenary proof which removes every other reasonable possibility. Although the record shows that the widow lived for a number of years in Bibb County, no effort to search the records of that county was made to ascertain whether Exom there sued her for divorce. The record is silent as to whether Exom himself lived in Twiggs County during the entire period between his separation from the widow and the time of the accident. If he did not, it would be necessary to search the records of whatever county

or counties he had resided in. Neither Exom nor Frances was questioned on this subject. The burden was not upon the alleged widow to prove that her marriage was valid, but was upon the other claimant to prove it invalid, and she had the right to rely upon the presumption of validity until it was negatived by disproving every other reasonable possibility save that of its invalidity. The plaintiff did not carry this burden, and for this additional reason she was entitled to compensation as the widow of the deceased employee.

The judge of the superior court erred in affirming the award of the Board of Workmen's Compensation and disallowing death benefits to the widow claimant.

Judgment reversed, with direction that the case be remanded to the Board of Workmen's Compensation for the purpose of entering an award in accordance with the evidence in favor of the widow of the deceased employee, Frances King Mims.

*Judgment reversed with direction. Cross-bill of exceptions dismissed. MacIntyre, P.J., and Gardner, J., concur.*