36821. WHITEHEAD *v.* THE STATE.

DECIDED SEPTEMBER 18, 1957.

*John L. Jernigan, Joseph B. Kilbride,* for plaintiff in error.

*Richard Bell, Solicitor-General, E. T. Hendon, Jr., Assistant Solicitor-General,* contra.

TOWNSEND, J. ■ The special ground of the motion for new trial assigns error on the failure to declare a mistrial under the following circumstances. On the first day of the trial there was evidence that a neighbor of the defendant, whose house was approximately the same distance from the whisky cache as the defendant's house, had been previously involved in liquor violations; when court reconvened the following morning the defendant's attorney, in support of his motion for a mistrial, made the following statement: "I'll state in my place on yesterday in the course of evidence there was a question raised as to whether or not this liquor might belong to a neighbor of the defendant. This neighbor resides some fifty yards from the defendant. In the course of last evening this person who we claim was brought into the trial of the case proceeded to fire shots in the direction of the defendant's house. In so doing he wounded the son of the defendant, who is some 25 years of age, and whom we expected to use as a witness in the trial of this case. This son is now in bed at home. Also, this defendant was so torn up and his nerves so shattered from the experience that he went through last night he is incoherent this morning, he is unable to make a statement to the jury, and he is unable to assist his counsel in conducting his case from now on out. This harrowing experience that he went through has caused him to be in such a condition that counsel for defendant feel like we could not do him justice to be forced to proceed with trial. It is a matter of record and in the sheriff's office that that party who did the shooting was arrested last night on a charge of assault with intent to murder, and it is also from information received from the sheriff—I'll state in my place, if I quote him wrong that I will be subject to correction by him, that that party stated he was shooting at dogs, and by that he admitted the shooting at the time and place that we allege. We feel that justice, that a mistrial should be declared, we should look into the matter of intimidation of our witnesses and intimidation of the defendant; and we feel further that a mistrial should be declared because we state in our place that we are unable to obtain coherent information from this

defendant due to the unfortunate happening, the harrowing experience that he had last night when he was informed or when he went through with the experience of his son being shot at by someone we claimed owned the whisky but which he is charged with having. Those statements I make to you as counsel for the defendant have just come to my knowledge, and we move the court to grant a mistrial at this time." The court ruled the showing not sufficient and denied the motion. In so far as the motion related to nonattendance of a witness, it was insufficient under the requirements of Code § 81-1410. However, attorneys are officers of the court and a statement by an attorney to the court *in his place* is prima facie true and needs no further verification unless the same is required by the court or the opposing party. *Caldwell* v. *McWilliams*, 65 *Ga.* 99; *Mims* v. *Hardware Mutual Cas. Co.*, 82 *Ga. App.* 210, 213 (60 S. E. 2d 501). Here neither the court nor the State required further verification or adopted any other means of determining whether or not, as counsel had stated, the defendant was in point of fact so incoherent as to prevent him from making a statement to the jury or to prevent his counsel from obtaining necessary information from him. The defendant was in court, and the trial judge had the right to consider his appearance in deciding whether he was physically able to stand the strain of the trial (*Warren* v. *State*, 53 *Ga. App.* 221, 185 S. E. 385), but whether he was mentally able to proceed, and whether he was coherent or incoherent, could not be ascertained merely by looking at him. Accordingly it demanded a finding that the defendant was in no condition to proceed with the trial. Under the showing made here the trial judge erred in refusing either to grant a mistrial or to adopt some other ameliorative measure such as granting a continuance or postponement.

■ The right of a defendant in a criminal case to make an unsworn statement in his own behalf is "a right far higher than the narrow limits" governing the admissibility of evidence. *Coxwell* v. *State*, 66 *Ga.* 309, 316. It is a substantial right which should not be abridged in any case. *Skinner* v. *State*, 13 *Ga. App.* 370 (2) (79 S. E. 181). The defendant here made no statement to the jury because, at the only time during the trial when under the laws of procedure and the rulings of the court he could

have made such a statement, he was mentally unable to do so. He was accordingly deprived of a substantial right, from which it follows that he was not given, in its fullest sense, the right to a fair and impartial trial. In view of the error of the trial court in refusing to declare a mistrial, the assignments of error set forth in the general grounds of the amended motion for new trial are moot.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*