## 25040. ROBINSON v. THE STATE.

DUCKWORTH, Chief Justice. This is a burglary case in which constitutional questions have been raised, thereby giving this court jurisdiction. The defendant was indicted, tried, con-

victed and sentenced, having filed a plea in abatement before trial. Thereafter a motion for new trial, as later amended, was filed, heard and overruled. The appeal seeks a review of this final judgment with the complaints in the plea incorporated in the amended motion for new trial. *Held:*

1. Georgia Laws 1967, p. 251, amends the jury selection statute (*Code Ann.* § 59-106) by substituting a new selection of names for jury service from "a fairly representative cross-section of the intelligent and upright citizens of the county from the official registered voters' list which was used in the last preceding general election," and if at any time it appears to the jury commissioners that the jury list so comprised is not a fairly representative cross-section of the intelligent and upright citizens of the county they shall supplement the list by personally acquainting themselves with other citizens of the county, including intelligent and upright citizens of any significant identifiable group of citizens which may not be fairly representative on the jury list. This law is attacked as being vague, indefinite and uncertain in violation of the equal protection and due process clauses of the 14th Amendment and the 13th Amendment of the Federal Constitution in that it readily leads to exclusion or token exclusion of Negroes and women in derogation of their constitutional rights. The statute is not subject to the attack made since the purpose in its adoption was to secure a more representative cross-section of the intelligent and upright citizens of the county, including significantly identifiable groups of citizens therein. It is neither vague, indefinite nor uncertain and cannot be said to be devoid of standards. In fact, it clearly leads to the inclusion of all elements of the community, including Negroes and women, and cannot be said to exclude either. See *Woods v. State,* 222 Ga. 321 (149 SE2d 674), and cases cited therein.

2. Georgia Laws 1967, p. 725 (*Code Ann.* § 59-112) is not unconstitutional or violative of the 5th, 6th and 14th Amendments of the United States Constitution as not drawing juries from the community at large by excluding therefrom arbitrarily and without reason certain classes of citizens of high intelligence and mentality, certain classes of persons such as police and law enforcement officers, court personnel and lawyers, municipal firemen, medical and dental men and pharmacists in the active practice of their profession, and persons over 65 years of age. This statute makes the above per-

sons exempt from jury duty but does not arbitrarily exclude them from service since they may serve, or be considered for service, if they request in writing to be allowed to be chosen. Mere automatic exemption of certain citizens who have the right to serve if they desire does not result in the jury lists chosen not being representative because chosen from a restricted group of citizens. See *Manor v. State*, 223 Ga. 594 (157 SE2d 431); Rawlins v. Georgia, 201 U. S. 638 (26 SC 560, 50 LE 899); Thiel v. Southern Pacific Co., 328 U. S. 217, 220 (66 SC 984, 90 LE 1181, 166 ALR 1412).

3. The transcript does not bear out the contentions of the appellant that he was denied access to certain evidence; hence this complaint is without merit.

4. While counsel has the right to examine jurors as to their competency, this is not an unlimited right; and where questions were asked for the purpose of implying peace officers do not tell the truth, the court did not err in restricting the examination of prospective jurors in this manner. Further, this complaint is incapable of further consideration since the brief does not point out the pages in the record under Rule 16 (3), where this occurred in order that the actual questions asked may be reviewed and considered.

5. The court did not err in admitting the testimony in regard to the fingerprints since the witness testified fully as to his learning, skill and experience in reading fingerprints which is at last to be considered by the jury as to whether or not this qualifies him as an expert. This complaint is not meritorious.

6. The testimony in regard to the time the defendants were taken into custody was not objected to in open court, and it is now too late to raise this issue on motion for new trial and appeal.

7. The defendant and his companions were seen carrying bundles of clothing and a short time later without the clothing. In the meantime, the police officer observing them notified police headquarters of his suspicions and a burglary was discovered in the neighborhood. The clothes were found a short distance from the location of the defendant and his companions on a playground. One of them had a cut on his chin which was bleeding, and several of the coats had blood on them. These clothes were identified as being taken from the burglarized store. While based on circumstantial evidence, the corpus delicti was proven, and the evidence was sufficient to support the verdict, and the general grounds are not meritorious. Nor

did the court err in refusing to quash the proceedings because the police officer allegedly arrested or took the defendant and his companions into custody without probable cause.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1969—DECIDED FEBRUARY 20, 1969.

*Bobby L. Hill, E. H. Gadsden,* for appellant.

*Andrew J. Ryan, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, William R. Childers, Jr., Deputy Assistant Attorney General,* for appellee.