25619.  SIMMONS v. THE STATE.

Submitted January 13, 1970—Decided February 5, 1970.

*Aaron Kravitch,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Dorothy T. Beasley, Deputy Assistant Attorney General,* for appellee.

Felton, Justice.  This is an appeal from the judgments on the verdicts in three cases, two involving verdicts and sentences in two cases in which the defendant was indicted in each of two indictments for shooting at another not in his own defense, cases Nos. 16693 and 16694, and the other involving an indictment

for murder, case No. 16695. In each of the first two cases the defendant was convicted and sentenced to four years on each indictment. In the murder case the defendant was convicted and sentenced to death by electrocution. The appeal is also from the order overruling the motions for new trials in the three cases combined.

■ (a) The enumerated error on the overruling of the defendant's motion to quash the indictments on the ground that there had been systematic exclusion of Negroes from the grand jury, is without merit. The challenge to the array is the proper method of raising this question before the indictment is returned unless it is shown that the defendant had no knowledge of the illegality prior to the indictment. Here the motion to quash was made after the indictment was returned and there was no showing of ignorance of the illegality before the indictment was returned, and the matter of illegal selection did not appear on the face of the indictment. *Heard v. State,* 210 Ga. 523 (81 SE2d 467); *Wooten v. State,* 224 Ga. 106 (160 SE2d 403); *Vanleeward v. State,* 220 Ga. 135 (137 SE2d 452) and *Abrams v. State,* 223 Ga. 216 (10) (154 SE2d 443).

(b) The challenge to the array of petit jurors is without merit for the reason that the evidence introduced and that ruled inadmissible did not make a prima facie case of systematic exclusion of Negroes from the voters' list as required by Jones v. Georgia, 389 U. S. 24 (88 SC 4, 19 LE2d 25) and Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599). The evidence excluded was properly excluded since it did not reasonably tend to support the charge of systematic exclusion. (Enumerated errors 2 through 15. This point is also made in other enumerated errors, all of which are without merit.) On the other hand, the other evidence on this question showed a conscientious effort on behalf of the jury commissioners to select a *cross-section* of citizens, Ga. L. 1967, p. 251 (*Code Ann.* § 59-106), and one of the commissioners was a Negro.

■ The court did not err in overruling ground 13 of the challenge to the array of petit jurors or in upholding the constitutionality of Ga. L. 1953, Jan. Sess., p. 256. Paragraph 13 of the challenge to the array is as follows: "That under the

law, Code Section 59-710, it provides: 'When the superior court is held for longer than one week, the presiding judge shall draw separate panels of petit jurors for each week of the court.' That in order to circumvent this statute the legislature under the Acts of 1953, page 256, General and Special Session, enacted a special Act which is applicable only to Chatham and Fulton Counties, which provides that in all Superior Court Judicial Circuits jurors are competent to serve during the year not more than 20 days, etc., which would be contradictory to the provisions of the general statute. That said special Act is unconstitutional and invalid because it is in conflict with the Constitution of the State of Georgia which provides in Section 2-4401 that 'the jurisdiction, powers, proceedings and practice of all courts . . . invested with judicial powers (except City Courts) of the same grade or class . . . shall be uniform.' Said special Act is in direct conflict with said constitutional section and with the statute above stated. That the present jurors impaneled as the jury venire in said case served the previous week and said jury was not redrawn, resummoned or reimpaneled as provided by law, therefore it is illegally constituted." Said Act of 1953 is not unconstitutional in the particular claimed because the basis of classification is population and the Act is a general law because such classification is open to let in any county which by any future census might have the stated population and no county is so excepted that it might never fall within the provisions of the law. *Shadrick v. Bledsoe*, 186 Ga. 345 (198 SE 535). Uniformity does not mean universality. *Cragg v. State*, 224 Ga. 196 (160 SE2d 817), and see *Murphy v. West*, 205 Ga. 116 (52 SE2d 600). This answers enumeration of error No. 17 in that *Code* § 59-710 does not apply to Chatham County, which is a county coming under the provisions of the said Act of 1953.

■ Ga. L. 1967, p. 725 is not unconstitutional. Rawlins v. Georgia, 201 U. S. 638, 640 (26 SC 560, 50 LE 899). The statute involved was later amended in 1920 and 1953, prior to the amendment of 1967, but the constitutionality was not affected. *Manor v. State*, 223 Ga. 594 (157 SE2d 431). The exemption from jury duty is personal. *Morris v. State*, 185 Ga. 67 (194 SE 214).

■ Appellant complains that the jury was prejudiced because the State had struck the Negroes and Jews who were on the jury panel and that this amounted to systematic exclusion of minority groups. This enumeration is without merit since there was no showing that this procedure was customarily followed in order to exclude a certain minority group from jury service. Swain v. Alabama, 380 U. S. 202, 221 (85 SC 824, 13 LE2d 759); Sims v. State, 221 Ga. 190 (144 SE2d 103).

■ Since the record does not reveal the manner in which the court rebuked appellant's counsel for statements made in his closing argument and does not show per se that there was a rebuke, enumeration of error 25 is without merit.

■ Enumeration of error 26 is without merit. The court properly directed appellant's counsel to follow a ruling previously made. The court's ruling was proper because his argument was not based on facts shown by the record, but based on inferences from fact not justified by the record.

■ Enumerated error 27 is without merit. The complaint is that, when the district attorney objected to a line of argument being made by the appellant, the court stated: "Just let him go ahead." There is no way for this court to ascertain for sure whether the statement of the court was harmful or not. The argument as to what happened in other cases was not proper. The probabilities are that permitting the appellant's counsel to continue with his argument was more beneficial to the defendant than harmful. The contention that the statement of the court was a slur on counsel's argument, even if correct, is not meritorious, because the statement is not shown to have been harmful.

■ Enumeration of error 28 is without merit. The court merely limited appellant's counsel's argument to facts authorized by the evidence.

■ Enumeration of error 29 is without merit. The evidence amply supported the verdict.

10. Enumeration of error 31 attacks as unconstitutional the laws requiring the same jury to find guilt and fix punishment. Cobb 783; Ga. L. 1875, p. 106; 1878-9, p. 60; 1963, p. 122 (Code Ann. § 26-1005). The enumeration is not meritorious. Chatterton v. Dutton, 223 Ga. 243 (154 SE2d 213) cert. den. 389

■

U. S. 914; Spencer v. Texas, 385 U. S. 554, 568 (87 SC 648, 17 LE2d 606); Pope v. U. S., 372 F2d 710 (8th Cir.).

■ There is no merit in enumeration of error 32, the ground of which is that the provisions of the Georgia statute authorizing the jury to recommend mercy in a death case are void because they fix no standard for recommending mercy. *Manor v. State,* 223 Ga. 594, 599, supra; *Miller v. State,* 224 Ga. 627, 631 (163 SE2d 730); *Massey v. Smith,* 224 Ga. 721, 723 (164 SE2d 786), cert. den. 395 U. S. 912. There is no evidence to support the contention that in Georgia for years the punishment inflicted on Negroes has been unequal and in violation of the Sixth and Fourteenth Amendments. See *Jackson v. State,* 225 Ga. 790, 792 (171 SE2d 501).

■ The court erred in excusing two jurors from serving in this case solely on the basis that they stated on a voir dire question that they were conscientiously opposed to capital punishment. Another indispensable question, required by Witherspoon v. Illinois, 391 U. S. 510, supra, was not asked. The failure to ask such an additional question, the answer to which would truly reveal the jurors' qualification to serve, was error. This error requires a new trial as to punishment only as there were no errors requiring a new trial on the question of guilt. The judgment as to the guilt of the defendant is affirmed and the judgment and sentence of punishment is reversed with direction that a new trial be granted on the sole question of punishment and that the jurors be qualified by questions required by the Witherspoon case and by *Arkwright v. Smith,* 224 Ga. 764 (164 SE2d 796) and *Miller v. State,* 224 Ga. 627, supra. The judgments as to the lesser crimes are affirmed.

*Judgments affirmed in part; reversed in part, with direction. All the Justices concur.*