26619, 26620.   MORRIS v. THE STATE (two cases).

ARGUED JULY 13, 1971—DECIDED SEPTEMBER 14, 1971—
REHEARING DENIED OCTOBER 8, 2971.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W.
Killorin, Richard L. Stumm,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joel M. Feldman, Tony
H. Hight, J. Melvin England, Arthur K. Bolton,* Attorney
General, *Harold N. Hill, Jr.,* Executive Assistant Attorney
General, *Courtney Wilder Stanton, Mathew Robins,* Assistant Attorneys General, for appellee.

GRICE, Justice. These two appeals are by Donald Harold
Morris from judgments of conviction and sentence to life imprisonment for murder and armed robbery, and also from
denial of his amended motions for new trial. He was indicted
for these offenses along with James L. Norwood, Paul Douglas Pearce and Donald Bridges by the grand jury of Fulton
County, and was tried and convicted in the superior court of
that county. The victim of the murder was Santos Martinez
and of the robbery was George Nastapoulos. The appellant
was tried separately for both offenses upon one trial.

His appeal involves 36 enumerations of error.

■ One enumeration complains of denial of the appellant's
challenge to the array because *Code Ann.* § 59-112 exempts
numerous persons from jury duty and thereby deprives him

of a jury representing a cross-section of the community and the impartiality to which he is entitled under the Sixth and Fourteenth Amendments of the United States Constitution, and denies him due process of law, equal protection of law, a fair and proper jury trial, and freedom from cruel and unusual punishments in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to that Constitution and in violation of the Georgia Constitution.

This complaint is not valid. See *Manor v. State,* 223 Ga. 594 (1) (157 SE2d 431); *Robinson v. State,* 225 Ga. 167 (2) (167 SE2d 158); *Simmons v. State,* 226 Ga. 110, 112 (172 SE2d 680). Nothing in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), supports appellant as to this.

■ He contends that the trial court erroneously denied his motion for dismissal of charges against him. The motion alleged in substance that he had not been arraigned, that while in custody the prosecuting officers tried to coerce, intimidate and harass him; and that he was denied a copy of the warrant and indictment.

The trial court correctly denied this motion. The record shows that the appellant was arraigned. The trial court heard testimony denying any such mistreatment and apparently chose to believe it instead of the appellant's testimony. Likewise, the allegation as to being denied a warrant and copy of the indictment was not established.

■ Another enumeration avers that the trial court erred in allowing State's counsel to ask improper hypothetical questions to prospective jurors on voir dire because such questions sought to define what each juror would do under a generalized state of facts. However, the questions related to impartiality and adherence to law, and therefore were not subject to the criticism made of them.

■ Also urged as erroneous is the overruling of appellant's objection to the State's questions upon cross examination of him when he was testifying in support of his motion to dismiss at the preliminary hearing. In this connection he argues that the questions concerning portions of an alleged

memorandum of an alleged statement, which he denied making, were outside the scope of the examination, were irrelevant to the hearing on the motion to dismiss, and infringed upon and damaged his right to make an unsworn statement in the jury trial occurring immediately thereafter.

The objections to these questions were properly overruled. They were germane to the matters involved in the motion, and in keeping with the State's right to a thorough and sifting cross examination.

■ Three of the enumerations involve admissibility of evidence under the requirements of Miranda v. Arizona, 384 U. S. 436, supra.

(a) The appellant insists that the trial court erred in overruling his motions upon the preliminary hearing and upon the trial to suppress the aforementioned alleged oral statement made by him to an investigator for the district attorney's office and allegedly reduced to writing in an unsigned memorandum.

As to this, appellant urges that he did not make the statement, but assuming that he did, it was made under circumstances which deprived him of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. He says that it was made after he was arrested, detained an unreasonable time without arraignment, coerced, threatened and offered promises to induce him to talk, but before he was shown a copy of the charges and without being informed of his rights as required by the Constitution of the United States, his right to counsel, to remain silent and not to discuss the matter without counsel being present, to have counsel before talking and to have counsel appointed if he had no funds to hire counsel.

(b) Appellant also insists that the purported written waiver that the State had him sign did not properly and lawfully warn him of the right to remain silent with the explanation that anything said *can and will* be used against him in court. Appellant avers that he was not otherwise so warned and that such failure, followed by the

interrogation which occurred, deprived him of his right against self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution.

Neither of these enumerations is meritorious.

The State offered testimony which contradicted the allegations recited above.

From the State's evidence the trial court was authorized to find that prior to any questioning the appellant was properly advised as to his rights under the Miranda case, supra, both orally and by the waiver of counsel form that he read and signed. That the warnings here stated that anything said "could be used" and "may be used" instead of "can and will be used" is an inconsequential difference, as numerous cases have held, e.g., United States v. Grady, 423 F2d 1091 (CCA 5).

(c) The appellant also enumerates as error introduction in evidence of the waiver of counsel form hereinbefore referred to upon the same grounds as set forth in the motion to suppress. The rulings made in (a) and (b) control adversely to him here. See *Walker v. State*, 226 Ga. 292 (3) (174 SE2d 440).

■ The appellant complains of the denial of his motion to strike portions of the testimony of this witness emanating from the alleged memorandum of appellant's statement to him, urging that this was inadmissible hearsay since the witness had not prepared it.

It was not error to permit this witness to testify as to the contents of this statement. *Code* § 38-1707 provides that "a witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper." It is not required that the witness himself make the memorandum. *Lenney v. Finley*, 118 Ga. 427, 430 (45 SE 317). Here the evidence showed that the memorandum was prepared under the witness' supervision. He testified that it was a correct statement of what the appellant had told him. What transpired in this respect was in accordance with the above

quoted Code section.

■ The position is taken that the motions for directed verdict for acquittal should have been granted because the probata fail to sustain the allegata as to both indictments. As to the robbery charge, the enumeration points out that the indictment alleges that the money allegedly taken from George Nastapoulos "was the property of the aforesaid person so robbed," while the evidence shows that the money was the property of a corporation, "Superior Foods, Incorporated"; and therefore the appellant, because of that proof, is not protected against another prosecution for the same offense, but is subject to it. As to the murder charge, the motion urges that there is no evidence which would support a verdict for murder, since that depended upon his first being found guilty as a participant in the robbery.

This position as to variance is not valid. The evidence showed that the victim was in possession of the money merely as bailee for the corporation. See in this connection *Spurlin v. State,* 222 Ga. 179, 182 (149 SE2d 315) and citations.

Therefore, the motions, so predicated, were properly denied.

■ Two of the enumerations relate to remarks and evidence as to other robberies allegedly committed by the appellant and cautionary instructions pertaining thereto. The State's attorney in his opening statement to the jury said he expected to prove that appellant had committed other robberies; and also introduced evidence as to such other robberies. The appellant made motions for mistrial on each of these occasions, which were denied.

The appellant contends that such statements and evidence were irrelevant, immaterial, prejudicial and inadmissible in that they indicated that the appellant had a propensity for crime and therefore improperly put his character in evidence; and that they were too remote in time and did not have any logical connection with the offense for which he was on trial. He insisted that what transpired deprived him of a fair trial and due process of law under

the Sixth and Fourteenth Amendments to the Constitution of the United States.

The second enumeration is that the court's cautionary instructions concerning the evidence were tantamount to an opinion on the evidence and did not give the jury all the law on the subject covered.

These enumerations are not valid.

Both the remarks and testimony related to offenses allegedly committed by the appellant within three or four years of the present trial. Such pertained to a similarity between the method used in these offenses and that claimed to have been employed in this instance.

It tended to show that the appellant was the head of a ring of robbers operating in the southeastern area.

The trial court on each occasion instructed the jury that evidence relating to other crimes by the appellant was to be considered for the limited purpose of showing scheme, motive, intent and course of conduct and for that purpose only.

These remarks and evidence sought to show a connection between prior crimes and this one insofar as establishing his guilt here was concerned, particularly as to the method of commission. The court properly denied the motion for mistrial as to the remarks and allowed the evidence. See in this connection *Williams v. State,* 152 Ga. 498 (1) (110 SE 286); *Wilson v. State,* 173 Ga. 275, 284 (160 SE 319); *Lyles v. State,* 215 Ga. 229, 232 (109 SE2d 785) (one Justice dissenting) and exhaustive dissenting opinion of Judge Townsend in *Hodges v. State,* 85 Ga. App. 617, 622, 625 (70 SE2d 48).

The second enumeration, that the court's instructions concerning the foregoing were tantamount to an opinion and did not give the jury the law under the Sixth and Fourteenth Amendments to the United States Constitution, is not maintainable. An examination of these instructions shows there is no basis for this complaint.

■ Appellant insists that a mistrial should have been granted because a witness testified that the appellant stated that he wanted to enter a "plea," asserting that this violated his rights under the Fifth and Fourteenth Amend-

ments to the United States Constitution, and the Constitution and laws of Georgia.

The mistrial was properly denied. Before any evidence was adduced appellant moved to suppress evidence as to his statement, which amounted to a confession of guilt. Here the issue of voluntariness was thoroughly gone into. Appellant's expression of his desire to "get it all off his chest and to enter a plea" was a part of that statement. After hearing evidence, the trial court denied the motion to suppress and expressly determined that the statement was voluntary. This constituted a hearing as required by Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). There was ample evidence to support that determination. *Walker v. State*, 226 Ga. 292 (3) (174 SE2d 440).

■ An enumeration charges, in substance, that the district attorney's office made a "deal" with two previously convicted witnesses, Pearce and Norwood. It recites that in exchange for their testimony against the appellant, the district attorney would later acquiesce in granting extraordinary motions for new trial for those two witnesses and recommended lighter sentences after new pleas of guilty by them. Appellant insists that this denied him due process and equal protection of law in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. I, Par. V of the Georgia Constitution. It is argued that harm was compounded by the State's counsel during the trial questioning Pearce and Norwood about whether there were any "deals" or "promises" made to them and accepting their negative answers, knowing that the answers were false because the district attorney's office had agreed to reward them for their testimony as shown by the subsequent reduction in sentences given shortly after appellant's conviction. It is also averred that by the district attorney's not revealing the agreement appellant was denied due process of law and equal protection of law in violation of the foregoing constitutional provisions under the holding in Napue v. Illinois, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217). The enumeration also avers that appellant did not know of the extraordinary mo-

tions for new trial and reduced sentences until after his motion for new trial was denied.

There is no merit in this enumeration.

Upon the trial the evidence was replete with denials by the two witnesses that there was any such deal, promise or other improper influence involving their testimony. By the questioning above referred to, the jury were, no doubt, aware that these two witnesses had turned State's evidence and, no doubt, scanned it with care, knowing that they, under such circumstances, might feel that their testimony for the State would be beneficial to them. Their evidence was that the appellant planned these crimes and participated with these witnesses in carrying them out. Thus, the jury had an issue of credibility and was in position to decide whether this testimony was true or perjured. They resolved the issue against the appellant.

That the district attorney's office subsequently acquiesced in new trials and lighter sentences being imposed upon these two witnesses does not establish that their testimony had been given falsely. There was no showing that perjured testimony was knowingly used by the prosecuting authorities to obtain the convictions here, as distinguished from the decisions relied upon by the appellant.

Nothing in this enumeration requires that appellant's conviction be set aside. It follows that his motion as to additional record relating to the extraordinary motion for new trial and reduction in sentence is denied.

■ The trial court did not err in allowing the State's counsel to make a statement "in his place" explaining why he dead-docketed charges against the co-indictee Bridges. Appellant claims that this statement was contrary to the rules of evidence, prejudicial, amounted to placing the State's counsel before the jury as judge of a person's guilt or innocence, and denied him a fair trial and due process of law by depriving him of the right to cross examine witnesses, in violation of designated provisions of the United States and Georgia Constitutions. Under the circumstances here, the appellant had the opportunity of questioning

State's counsel while under oath, but did not do so. It has been well put that "Attorneys are officers of the court, and a statement to the court in his place is prima facie true and needs no further verification unless the same is required by the court or the opposite party." *Whitehead v. State,* 96 Ga. App. 382, 384 (100 SE2d 139). Furthermore, whether charges against Bridges were properly dead-docketed was irrelevant to the issue as to appellant's guilt; thus no harm resulted to him here.

■ Nor did the trial court err in denying appellant's motion for mistrial upon the ground that it permitted the State to ask the witness Bridges whether he knew that police officers checked out his alibi, when the answer showed that the State knew that he could answer only from hearsay knowledge. However, the answer which was given was not responsive to the question objected to, whether the witness knew of his "own personal knowledge." This does not constitute grounds for mistrial.

■ There is no merit in the enumeration complaining of the court's sustaining of the objection to appellant's questions to the witness DaMour regarding statements to DaMour by Pearce with reference to the aforesaid "deal" allegedly made by the State with Pearce to obtain Pearce's testimony. It is urged that DaMour's testimony was offered to show Pearce's motive, scheme and frame of mind in previously giving his testimony. However, it appears from the record that appellant sought admission of the testimony for an additional purpose, to wit, to show that the witness Pearce had made to him a previous contradictory statement, that he had made a "deal." Therefore, the court correctly ruled that appellant had not complied with *Code* § 38-1803, that a proper foundation had not been laid by first calling to the attention of the witness the previous contradictory statement. This was not done here.

■ Neither was there any error in allowing in evidence, for impeachment purposes, records of conviction of appellant's witness DaMour when at that time in the trial this witness had not given any material testimony. This is no

reason to prevent impeachment testimony. It was properly admitted. *Code* § 38-1804.

■ No reversible error is shown in the enumeration complaining of the overruling of appellant's objection to the witness Davis' testimony concerning where Davis traveled, obviously at the direction of the witness Pearce. Pearce had previously testified, without objection, to the route traveled. Hence, even if irrelevant or hearsay, it was not harmful and is not ground for reversal.

■ The trial court did not commit reversible error in recalling and allowing a detective witness to testify on recross examination as to a conversation with persons about an automobile parked near the scene of the crime. This, appellant urges, was hearsay, irrelevant, prejudicial and deprived him of a fair trial, confrontation of witnesses and due process of law under stated grounds of the United States and Georgia Constitutions.

As to this, the following occurred. Two witnesses had sworn that they had seen a described automobile at the scene of the crimes, and had relayed this information to the detective witness. He had testified as a defense witness. Subsequently he was permitted to be recalled for further cross examination, stating that he had checked this lead with the owner of an automobile bearing this description, and determined that it had no part in the crimes.

(a) Whether a witness may be recalled is within the trial court's discretion and will not be interfered with unless manifestly abused. Here there was no abuse.

(b) The witness' testimony as to the conversations with the persons with reference to the automobile was hearsay. However, the trial court admitted it for the sole purpose of explaining the witness' conduct in his taking specified action in checking out the lead previously given him, and so instructed the jury at the time. This is one of the exceptions under *Code* § 38-302. No cause for reversal is shown here.

■ There was no error in sustaining the State's objection to appellant's questions to a witness concerning the witness' efforts to obtain a job for the appellant. This testimony was

not germane to the issue being tried.

■ Nor was there error in denying appellant's motion for mistrial complaining that three jurors saw him in handcuffs while he was led from the courthouse, in violation of stated provisions of the Federal and State Constitutions. This was a matter which addressed itself to the discretion of the trial court. Such a situation is not ground for mistrial.

■ An enumeration contends that denial to defendants on trial in criminal cases of the right to a directed verdict, when defendants in civil cases have that right, is a denial of due process of law and equal protection of law in contravention of appellant's rights under Amendments Five, Six and Fourteen of the United States Constitution and of the Georgia Constitution by following specified decisions of this State, and not granting appellant's motions for directed verdict.

This complaint is not meritorious. The absence of statutory procedure for direction of verdict in criminal cases does not offend the provisions of the Constitution relied upon here. (Direction of verdicts in criminal cases was authorized subsequent to this trial. Ga. L. 1971, p. 461; *Code Ann.* § 27-1802).

Furthermore, here the appellant has no standing to make this constitutional attack since he, under the evidence, was not entitled to a directed verdict. The evidence would not have warranted a directed verdict in his behalf.

■ Entering the verdict and judgment and denying the appellant's motion for new trial on the general grounds was not erroneous. The evidence supported the verdict. The two co-defendants Pearce and Norwood testified that they committed the armed robbery and that one of them shot the victim with a pistol, while the appellant waited outside the store and drove them away in his automobile. These two witnesses testified that the appellant planned the criminal enterprise and that he directed its execution.

The appellant, under these circumstances, was equally guilty with the others. *Gore v. State,* 162 Ga. 267, 271 (134 SE 36); *Jenkins v. State,* 190 Ga. 556 (1) (9 SE2d 909); *Evans v. State,* 222 Ga. 392 (8) (150 SE2d 240).

The witness Davis sufficiently corroborated this testimony by relating the appellant's statement to him.

■ Complaint is made that the trial court erred in denying appellant's motion for mistrial upon the ground that the State's attorney in his concluding argument to the jury stated that appellant's counsel failed to state his theory in his opening statement, thereby violating his right to remain silent, due process of law and a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution.

This complaint is without merit.

■ There was no error in failing to charge the jury as to the law of alibi, which appellant avers was his sole defense. However, there was no evidence to warrant giving a charge on this subject. As already stated, the evidence showed that the appellant waited near the scene of the crime while the robbery and murder took place and then whisked them away. There was no evidence showing the impossibility of appellant's presence at the scene of the crime at the time of the commission. See *Jackson v. State,* 172 Ga. 575 (158 SE 289).

■ Two enumerations relate to reference in the court's charge to the jury to the defendant's "statement."

(a) The first is that it was error to charge that the jury should determine the facts from the evidence and the defendant's statement in that it was confusing and misleading because the charge did not clarify whether this referred to the defendant's unsworn statement to the jury or his alleged statement to the investigator from the district attorney's office. Appellant urges that this was prejudicial because the jury could have believed that the court was giving its opinion that such statement was actually made, which the appellant denies. This contention is not valid. The court charged with reference to the appellant's unsworn statement, which was not evidence. The other statement constituted evidence. No confusion could have resulted as to the two statements.

(b) The second complaint with reference to a statement

by the defendant is that the court charged the jury that he "denies that such alleged statements were freely and voluntarily made," whereas in fact he denied that he made the statements. The complaint cannot be sustained because the court's charge fully covered this issue. *Walker v. State,* 226 Ga. 292 (6), supra.

■ The appellant enumerates error as to the court's charge to the jury that evidence admitted for a limited purpose only could be considered along with all the other evidence, and that the jury could give it whatever weight and credit it thinks it is entitled to receive, urging that this was misleading and confusing. No reason is given for this criticism and we know of none to sustain it.

■ It is insisted that the court erred in its charge as to what the jury must find before admitting or considering appellant's alleged incriminatory statement.

First, he argues that the charge is misleading and confusing because it submitted the issue to the jury of whether he was in custody at the time it was allegedly made, when the uncontradicted evidence was that he was then in custody, and that therefore the charge allowed the jury to erroneously consider such statement on an incorrect and illegal theory that he was not in custody and thus the other constitutional requirements need not be met.

Next, he argues that the charge erroneously instructed the jury on the question of the necessary constitutional warnings in that it did not charge that the jury must find that it was explained to him that he has the right to remain silent and that anything said *can and will* be used against him in court.

These positions are not sound. The charge was not calculated to cause the jury to conclude that the appellant was not then in custody. The instruction as to the contents of the warnings was sufficient under the Miranda decision, 384 U. S. 436, supra. See also *Code* § 38-411 and Division 6 of this opinion.

■ The appellant complains that the charge on reasonable doubt was confusing and misleading in that it would

preclude jurors from acquitting him if they had a total doubt. The charge is not subject to this objection.

■ He maintains that the charge on murder was erroneous in that there was no evidence to authorize him to be found guilty of murder, and that the charge did not accurately and adequately cover the necessary legal principles as to murder. On the contrary, as held previously in this opinion, the evidence authorized a finding of guilty of murder. No specific omission in the charge in this respect is relied upon. The charge, we feel, gave the required principles.

■ He also avers that the court erred in giving a re-charge to the jury. The end of the re-charge stated that the jury could find him guilty if they believed it beyond a reasonable doubt. The complaint is that it failed to re-charge and re-define the rules on reasonable doubt and the matters which they should take into account in that regard. The record shows that the jury requested a re-charge on the legal principles of good character, and that the court in its charge had previously fully and properly charged as to reasonable doubt. Therefore, it was not necessary to repeat this portion of the charge, particularly where no request was made.

No error was committed here.

■ In view of the foregoing rulings, the trial court did not err in denying each and every ground of the amended motion for new trial which is embraced in the enumerations made here.

We find no error in the rulings enumerated as error in this appeal.

*Judgments affirmed. All the Justices concur, except Felton, J., who dissents.*

FELTON, Justice, dissenting in part. I dissent from the judgments of affirmance and from the rulings in Divisions 6, 8, 11, 14, 21 and 23 of the opinion. As to the admission of evidence of similar crimes, dealt with in Division 8, if there is a case or cases wherein this court has held that such evidence is admissible without proof of a conviction of the defendant of such crime it or they should be expressly overruled.